**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Ruben REINIS, Defendant-Appellant.**

No. 85–5140.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1986.

Decided July 14, 1986.

Gordon Greenberg, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Manuel U. Araujo, Los Angeles, Cal., for defendant-appellant.

Before SCHROEDER and HALL, Circuit Judges and HARDY,* District Judge.

HARDY, District Judge:

Ruben Reinis was convicted of aiding and abetting a bank's failure to report currency transactions as required by 31 U.S.C. § 5313(a) ("the Reporting Act") in violation of 18 U.S.C. § 2, conspiring to violate the Reporting Act in violation of 18 U.S.C. § 371, and causing concealment of a material fact from the Internal Revenue Service in violation of 18 U.S.C. § 1001. We reverse.

Reinis ran a money laundering operation. On several different days, he and his agents paid cash to purchase cashier's checks from various banks. Each of the

checks was for less than $10,000. The government contends that the purchases were "structured" to avoid the reporting requirements of the Reporting Act.

The Reporting Act provides that "[w]hen a domestic financial institution is involved in a [currency] transaction ... in an amount ... the Secretary [of the Treasury] prescribes by regulation, the institution and any other participant in the transaction the Secretary may prescribe shall file a report on the transaction at the time and in the way the Secretary prescribes." 31 U.S.C. § 5313(a). The Secretary has promulgated regulations to implement the act. One of them, 31 C.F.R. § 103.22(a) (1984), requires financial institutions to file currency transaction reports when they participate in transactions involving more than $10,000. The Secretary has not promulgated a regulation requiring reports by other participants in currency transactions.

In *United States v. Varbel*, 780 F.2d 758 (9th Cir.1986), we held that (1) the Reporting Act and its regulations do not impose a duty on a participant in a currency transaction with a bank to inform the bank of the nature of the transaction; (2) since a participant had no duty to report, there could be no concealment in violation of 18 U.S.C. § 1001; and (3) a participant could not aid or abet a bank's failure to report currency transactions where there was no evidence that the bank had knowledge of the nature of the transactions.

In *United States v. Espriella*, 781 F.2d 1432 (9th Cir.1986) (petition for rehearing pending), we further held that where each currency transaction involved less than $10,000, there could be no 18 U.S.C. § 371 conspiracy to violate the Reporting Act. *Id.* at 1435.

Reinis never personally purchased cashier's checks totaling more than $10,000

---

* Honorable Charles L. Hardy, United States District Judge, District of Arizona, sitting by designation.

from any banking location on any given day; however, on ten different days, Reinis and his agents purchased cashier's checks totaling in excess of $10,000 from the same bank. The government contends that instructions in the Currency Transaction Reporting Form, Form 4789—"Multiple transactions by or for any person which in any one day total more than $10,000 should be treated as a single transaction, if the financial institution is aware of them"—required the bank to treat these multiple transactions as a single transaction and to report them. Form 4789, however, was never promulgated pursuant to the rule making requirements of the Administrative Procedure Act, 5 U.S.C. § 553. *United States v. Richter*, 610 F.Supp. 480, 489 and n. 14 (D.C.Ill.1985). Consequently, Form 4789 is not effective as a regulation. *See United States v. $200,000 in United States Currency*, 590 F.Supp. 866 (S.D.Fla.1984). Criminal penalties for failure to report currency transactions can attach only upon violation of regulations promulgated by the Secretary. *See California Bankers Association v. Shultz*, 416 U.S. 21, 26, 94 S.Ct. 1494, 1500, 39 L.Ed.2d 812 (1974). As the bank did not violate the law by failing to treat multiple transactions on the same day as a single transaction, Reinis cannot have been guilty of any of the offenses for which he was charged.

REVERSED.