UNITED STATES of America, Plaintiff-Appellee,

v.

Noel IBARRA–ALCAREZ and Jose Adeodato Ibarra-Alcarez, Defendants-Appellants.

Nos. 86–3124, 86–3125.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 6, 1987.

Decided Sept. 3, 1987.

Patricia Olson and William Redkey, Seattle, Wash., for plaintiff-appellee.

Alan Zarky and Richard Hansen, Seattle, Wash., for defendants-appellants.

Before FARRIS, ALARCON and WIGGINS, Circuit Judges.

ALARCON, Circuit Judge:

Defendants-Appellants Jose Adeodato Ibarra-Alcarez (hereinafter Jose Ibarra) and Noel Ibarra-Alcarez (hereinafter Noel Ibarra) appeal from the judgment of conviction for conspiracy, in violation of 18 U.S.C. § 2 (1982), and for transporting United States currency in excess of $10,000 from the United States into Canada without filing a report in violation of 31 U.S.C. §§ 5316(a) (1982 & Supp. III 1985) and 5322(a) (Supp. III 1985). They seek reversal on two grounds.

One. Failure to file a report of the transportation of United States currency is not a crime because the Secretary of the Treasury did not publish regulations specifying the information to be reported or the form which must be used.

Two. The trial court erred on refusing to instruct the jury on good faith reliance on the advice of counsel and ignorance of the law.

The primary question we must decide is whether the Secretary of the Treasury must publish, as a regulation, the form used for reporting the transportation of United States currency in excess of $10,000 (hereinafter Form 4790) before failure to file such a report can be punished as a criminal violation under 31 U.S.C. § 5316(a). We affirm the judgment. Form 4790 does not impose a duty not already contained in published regulations and the jury was properly instructed.

## FACTUAL BACKGROUND

Jose Ibarra and Noel Ibarra are brothers who live in Tucson, Arizona. Their father, Adeodato Ibarra, was in the money exchange business in Nogales, Arizona, at the border between the United States and Mexico. Jose Ibarra has a construction firm in Mexico. Noel Ibarra did odd jobs for his brother. On November 22, 1985, Noel Ibarra left Tucson in a Chevrolet Blazer Jeep. The vehicle contained $2.1 million hidden in an ice chest and a tire. He arrived at Blaine, Washington at 3:00 a.m. on November 25, 1985. Later that morning, Noel Ibarra met his brother, Jose Ibarra, at a restaurant in Blaine. A tire containing $800,000 was placed in the trunk of a car rented by Jose Ibarra in Vancouver, British Columbia. The car had British Columbia license plates. The brothers then attempted to enter Surrey, British Columbia at the Pacific Highway crossing. They were stopped by Canadian customs officers. Jose Ibarra was asked by a primary inspection officer if he had anything in the vehicle besides personal clothing. Jose Ibarra responded: "Nothing, nothing at all." The primary inspection officer opened the trunk of the automobile. Inside he discovered two spare tires. The brothers were referred to a secondary customs inspector for further search of the vehicle. The secondary inspector noticed that one of the tires in the trunk had a slash in the sidewall. The tire was cut open. Four paper bags containing United States currency were found in the tire.

The Canadian customs inspectors notified a United States customs officer that United States currency had been transported into Canada by the Ibarra brothers. The money was sealed in a box and returned to Jose Ibarra. The Ibarra brothers were permitted to confer with counsel by the Canadian officials. Jose and Noel Ibarra were informed that they would not be allowed to remain in Canada. They were ordered to return to the United States immediately. Jose Ibarra was instructed by a Canadian customs inspector to disclose the money when he returned to the United States.

Upon their reentry into the United States, the Ibarra brothers were detained and questioned. They were followed into the United States by their lawyers. Jose Ibarra was asked if he had anything to declare. He replied that he had $900,000 in United States currency and wanted to fill out the form. The occupants of the automobile were told to park their car and go inside the building for further inspection. Jose Ibarra filled out a copy of Form 4790 on which he stated he had more than $10,000 to declare. In the presence of his attorney, Jose Ibarra showed the box containing the currency to the United States customs inspectors. After he was arrested, Jose Ibarra requested permission to fill

out a copy of Form 4790 to report taking more than $10,000 in United States currency into Canada earlier that day. His request was denied. He was told that it should have been filled out prior to his departure from the United States.

## DISCUSSION

### A. *Sufficiency of the Reporting Regulations*

The Ibarra brothers argue that their conviction for failing to report the transportation of United States currency from the United States in excess of $10,000 must be reversed because the Secretary of the Treasury did not publish the reporting requirements set forth in Form 4790 in the Federal Register. They contend that Form 4790 contains a legislative rule which supplies the sole basis for a prosecution under 31 U.S.C. § 5316.

■ The interpretation of the requirements of a statute is a question of law we review *de novo*. *United States v. Doubleday*, 804 F.2d 1091, 1093 (9th Cir.1986) (per curiam), *cert. denied*, —— U.S. ——, 107 S.Ct. 1628, 95 L.Ed.2d 201 (1987). The Ibarra brothers were charged with violating 31 U.S.C. § 5316. Section 5316(a) provides in pertinent part as follows:

[A] person ... shall file a report under subsection (b) of this section when the person ... knowingly—[¶] (1) transports ... monetary instruments of more than $10,000 at one time—[¶] (A) from a place in the United States to or through a place outside the United States....

Section 5316(b) provides that "[a] report under this section shall be filed at the *time* and *place* the Secretary of the Treasury prescribes." (Emphasis added). The statute does not set forth the time or place that the report must be filed. Congress delegated this duty to the Secretary. The statute itself does not proscribe conduct. Section 5316(b) enables the Secretary to promulgate regulations setting forth the time and place that a person must report the transportation, to or from the United States, of United States currency in excess of $10,000. No punishment can be imposed

for such transportation in the absence of a properly promulgated regulation. In *California Bankers Ass'n v. Shultz*, 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974), the Supreme Court held that

[t]he Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone.

*Id.*, at 26, 94 S.Ct. at 1500.

Thus, our responsibility is to review the regulations promulgated by the Secretary of the Treasury to determine if they set forth the time and place that the report required by section 5316(a) must be filed.

■ The Secretary of the Treasury has promulgated two regulations pursuant to the direction of Congress in section 5316(a) and (b). These regulations provide as follows:

*Each person who physically transports, mails, or ships, or causes to be physically transported, mailed, or shipped, or attempts to physically transport, mail or ship, or attempts to cause to be physically transported, mailed or shipped, currency or other monetary instruments in an aggregate amount exceeding $10,000 on any one occasion from the United States to any place outside the United States, or into the United States from any place outside the United States, shall make a report thereof.* A person is deemed to have caused such transportation, mailing or shipping when he aids, abets, counsels, commands, procures, or requests it be done by a financial institution or any other person.

31 C.F.R. § 103.23(a) (1986) (emphasis added).

*Reports required to be filed by § 103.23(a) shall be filed at the time of entry into the United States or at the time of departure*, mailing or shipping from the United States, unless otherwise directed or permitted by the Commissioner of Customs. *They shall be filed with the Customs officer in charge* at any Customs port of entry or departure, or

as otherwise permitted or directed by the Commissioner of Customs. If the currency or other monetary instruments with respect to which a report is required do not accompany a person entering or departing from the United States, such reports may be filed by mail on or before the date of entry, departure, mailing or shipping, with the Commissioner of Customs, Attention: Currency Transportation Reports, Washington, D.C. 20226. *They shall be on forms to be prescribed by the Secretary and all information called for in such forms shall be furnished.*

31 C.F.R. § 103.26(b) (1986) (emphasis added).

In 31 C.F.R. § 103.23(a), the Secretary of the Treasury has set forth the duty imposed pursuant to the express provisions of section 5316(a) that every person who transports more than $10,000 in currency in or out of the United States must file a report. Persons directed to file the report required by section 5316(a) and 31 C.F.R. § 103.23(a) are clearly informed by 31 C.F.R. § 103.26(b) that they must do so at the time of entry or departure with the customs officer at any port of entry and departure. These regulations provide the notice and the specification of the time and the place of reporting of the transportation of currency required by Congress in section 5316(b). Accordingly, the penalties set forth in 31 U.S.C. § 5322(a) are applicable to any person who knowingly violates the reporting requirement of section 5316(a).

■ Appellants' contention that Form 4790 prescribes a legislative rule having the force of law which must be subject to the notice and comment requirements of section 553 of the Administrative Procedure Act, 5 U.S.C. §§ 553–559 is unpersuasive. This argument was rejected by the Eleventh Circuit in *United States v. Palzer,* 745 F.2d 1350 (11th Cir.1984). In *Palzer,* as here, appellant contended that Form 4790 was void because it was not properly promulgated under the Administrative Procedure Act. *Id.* at 1357 n. 14. The Eleventh Circuit responded to this claim as follows:

The substance of the indictment in this case charges Palzer with willfully failing to report the fact that he was bringing more than $5,000 in currency into the country. Nothing in the content of Form 4790, which Palzer now challenges, is implicated in the offense charged in the indictment, *i.e.,* the willful failure to report the fact that he was bringing in more than $5,000. Section 103.23(a), 31 C.F.R., clearly informed Palzer of the requirement to report the fact that he was carrying more than $5,000 in currency. Section 103.25(b), 31 C.F.R., reiterates the reporting requirement, and specifies the time, place, and manner in which the report is to be made.

*Id.* at 1358.

Appellants' reliance on *United States v. Reinis,* 794 F.2d 506 (9th Cir.1986) in challenging the validity of their conviction is misplaced. We reversed the conviction in *Reinis* on the ground that the instructions on Currency Transaction Reporting Form 4789 could not be enforced because they imposed duties upon banks not contained in existing regulations. *Id.* at 508.

Form 4790 does not impose a duty not already required by regulations contained in 31 C.F.R. §§ 103.23(a) and 103.26(b). Form 4790 is simply a piece of paper upon which the report of the transportation of currency required by 31 U.S.C. § 5316(a) is made. The information called for on Form 4790 is limited to the identification of the person reporting and the amount of currency being transported. *See* Appendix. The Secretary of the Treasury was not required to publish Form 4790 because it does not contain a statement implementing, interpreting, or prescribing a law, policy, or procedure not already defined in published regulations. Jose Ibarra and Noel Ibarra were properly charged with a crime in violation of 31 U.S.C. § 5316(a) and the implementing regulations mandated by 31 U.S.C. § 5316(b).

## B. *Adequacy of the Court's Instructions*

Jose Ibarra and Noel Ibarra also claim that the district court erred in refusing to

instruct the jury on the legal effect of a defendant's good faith reliance on the advice of counsel and the defense of ignorance of the law.

■ A defendant is entitled to an instruction covering a theory of defense if it has a basis in law and there is some foundation for it in the evidence. *United States v. Hayes*, 794 F.2d 1348, 1350–51 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987); *United States v. Escobar De Bright*, 742 F.2d 1196, 1198 (9th Cir.1984).

■ A trial court's determination that the evidence was insufficient to justify the giving of an instruction on a theory of defense is a question of law. *Doubleday*, 804 F.2d at 1093; *see United States v. Brandon*, 633 F.2d 773, 778 (9th Cir.1980) (refusal to give an entrapment instruction "constitutes a determination as [a] matter of law that the defense may not be raised").[1] We review a trial court's determination of a question of law *de novo. McConney*, 728 F.2d at 1201.

■ The adequacy of jury instructions is determined by examining them as a whole. *Hayes*, 794 F.2d at 1351. It is not error to refuse a proposed instruction if the other instructions, when viewed in their entirety, cover that theory. *Id.*

■ "Advice of counsel is not regarded as a separate and distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent." *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir.1961), *cert. denied*, 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818 (1962). To qualify for an advice of counsel instruction, the defendant must show that there was full disclosure to his attorney of all material

facts, and that he relied in good faith on the specific course of conduct recommended by the attorney. *Id.* at 720; *United States v. Conforte*, 624 F.2d 869, 877 (9th Cir.), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980).

■ The district court did not err in refusing to instruct the jury on the legal effect of a defendant's reliance on the advice of counsel. The evidence does not show that Jose Ibarra made a full disclosure to his attorney of his intention to transport more than $10,000 in United States currency *out* of the United States.

On September 5, 1985, approximately six weeks before his arrest, Jose Ibarra attended a meeting to discuss the currency exchange's responsibility to file reports. Present at this meeting were his father, their attorney, and several United States government officials. In dispute was a particular transaction in which a courier delivered money to the currency exchange from Mexico. The attorney stated in Jose Ibarra's presence that the courier, not the currency exchange, would have the responsibility of filing Form 4790.

■ Jose testified that he could not follow the discussion, but that his father told him afterward that "we don't have anything to do with this ... it [isn't] our place as an exchange house in Nogales, Arizona to fill out those papers." No evidence was presented to the jury that Jose Ibarra informed his attorney at any time that he planned to transport large sums of money to Canada, nor is there any proof in the record that counsel advised him that it was lawful to export more than $10,000 in United States currency to another country without filing a report. In fact, counsel advised Jose Ibarra that a person who trans-

---

1. In *United States v. Diggs*, 649 F.2d 731 (9th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981), we stated "[w]hether there exist issues of fact as to a defense of entrapment is properly a question for the trial judge, the standard of review being abuse of discretion." *Id.* at 738. In *United States v. Fleishman*, 684 F.2d 1329 (9th Cir.), *cert. denied*, 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982) we cited *Diggs* for the proposition that the standard of review to determine "[w]hether there exist is-

sues of fact as to a defense of entrapment is properly a question for the trial judge, the standard of review being abuse of discretion." *Id.* at 1342. Neither *Diggs* nor *Fleishman* cited *United States v. Brandon*. *Diggs* and *Fleishman* have been overruled *sub silentio* on the appropriate standard of review by our en banc decision in *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

ports money must file a report. We recognize that a trial judge must instruct the jury on the effect of good faith reliance even if the evidence presented by the defense was "fragile, weak[,] insufficient, inconsistent or of doubtful credibility." *United States v. Musgrave,* 444 F.2d 755, 764–65 (5th Cir.1971) (citation omitted). Because Jose Ibarra failed to disclose all the material facts to his attorney, refusal of the instruction on good faith reliance on the advice of counsel was not error.

 Jose Ibarra and Noel Ibarra also claim that the district court failed to give an adequate instruction on the effect of ignorance of the requirement to file reports prior to transporting out of this country more than $10,000 in United States currency. We disagree.

In a prosecution pursuant to 31 U.S.C. § 5316(a), the government is required to prove that the defendants knew (1) they were transporting funds in excess of $10,-000 and (2) that the law required them to file a report. *See United States v. Carrier,* 654 F.2d 559, 561. (9th Cir.1981) (requirement that act be "willful" means that it must be done "deliberately and with knowledge"). The trial court was under a duty to instruct the jury that appellants were aware of the reporting laws and willfully failed to file a report. It is undisputed that Jose Ibarra and Noel Ibarra knew they were exporting in excess of $10,000.

The court gave the following instruction to the jury:

An act is done knowingly if the defendant realized what he or she was doing and did not act through *ignorance,* mistake, or accident.

An act is done willfully if done knowingly, intentionally, and deliberately, with the *purposes of avoiding a known legal duty.*

You may consider the evidence of the defendant's acts and words, along with all the other evidence, in deciding whether that defendant acted knowingly or willfully.

(Emphasis added). This instruction properly incorporated the defense of ignorance of the legal duty to file a report. The district court did not err in refusing appellants' formulation of this theory of defense.

## CONCLUSION

Appellants were lawfully charged and convicted of transporting more than $10,-000 in United States currency to Canada without filing a report in violation of 31 U.S.C. § 3156(a). The Secretary of the Treasury properly promulgated regulations giving notice of the time and place of reporting such currency transportation as directed by Congress in 31 U.S.C. § 3156(b). The Secretary of the Treasury was not required to publish Form 4790 under the Administrative Procedure Act because it does not impose any liability not already set forth in properly promulgated regulations.

AFFIRMED.

APPENDIX

**DEPARTMENT OF THE TREASURY**
UNITED STATES CUSTOMS SERVICE

**REPORT OF INTERNATIONAL TRANSPORTATION OF CURRENCY OR MONETARY INSTRUMENTS**

Form Approved
OMB No. 1515-0079

This form is to be filed with the United States Customs Service

Privacy Act Notification on revese

Customs Use Only

Control No.

31 USC 5316; 31 CFR 103.23 and 103.25
Please Type or Print

**PART I** - FOR INDIVIDUAL DEPARTING FROM OR ENTERING THE UNITED STATES

| 1. NAME (Last or family, first and middle) | 2. IDENTIFYING NO. (See Instructions) | 3. DATE OF BIRTH (Mo./Day/Yr.) |
|---|---|---|

| 4. PERMANENT ADDRESS IN UNITED STATES OR ABROAD | 5. OF WHAT COUNTRY ARE YOU A CITIZEN/SUBJECT? |
|---|---|

| 6. ADDRESS WHILE IN THE UNITED STATES | 7. PASSPORT NO. & COUNTRY |
|---|---|

| 8. U.S. VISA DATE | 9. PLACE UNITED STATES VISA WAS ISSUED | 10. IMMIGRATION ALIEN NO. (If any) |
|---|---|---|

11. CURRENCY OR MONETARY INSTRUMENT WAS: (Complete 11A or 11B)

| A. EXPORTED | | B. IMPORTED | |
|---|---|---|---|
| Departed From: (City in U.S.) | Arrived At: (Foreign City/Country) | From: (Foreign City/Country) | At: (City in U.S.) |

**PART II** - FOR PERSON SHIPPING MAILING OR RECEIVING CURRENCY OR MONETARY INSTRUMENTS

| 12. NAME (Last or family, first and middle) | 13. IDENTIFYING NO. (See Instructions) | 14. DATE OF BIRTH (Mo./Da./Yr.) |
|---|---|---|

| 15. PERMANENT ADDRESS IN UNITED STATES OR ABROAD | 16. OF WHAT COUNTRY ARE YOU A CITIZEN/SUBJECT? |
|---|---|

| 17. ADDRESS WHILE IN THE UNITED STATES | 18. PASSPORT NO. & COUNTRY |
|---|---|

| 19. U.S. VISA DATE | 20. PLACE UNITED STATES VISA WAS ISSUED | 21. IMMIGRATION ALIEN NO. (If any) |
|---|---|---|

| 22. CURRENCY OR MONETARY INSTRUMENTS | 23. CURRENCY OR MONETARY INSTRUMENTS | NAME AND ADDRESS | 24. IF THE CURRENCY OR MONETARY INSTRUMENT WAS MAILED, SHIPPED, OR TRANSPORTED COMPLETE BLOCKS A AND B. |
|---|---|---|---|
| DATE SHIPPED | ☐ Shipped To | | A. Method of Shipment (Auto, U.S. Mail, Public Carrier, etc.) |
| DATE RECEIVED | ☐ Received From | | B. Name of Transporter/Carrier |

**PART III** - CURRENCY AND MONETARY INSTRUMENT INFORMATION (SEE INSTRUCTIONS ON REVERSE) (To be completed by everyone)

| 25. TYPE AND AMOUNT OF CURRENCY/MONETARY INSTRUMENTS | Value in U.S. Dollars | 26. IF OTHER THAN U.S. CURRENCY IS INVOLVED, PLEASE COMPLETE BLOCKS A AND B. (SEE SPECIAL INSTRUCTIONS) |
|---|---|---|
| Coins ............... ☐ A. ▶ $ . | | A. Currency Name |
| Currency ............... ☐ B. ▶ | | |
| Other Instruments (Specify Type) ............... ☐ C. ▶ | | B. Country |
| (Add lines A, B and C) ............... TOTAL AMOUNT ▶ $ | | |

**PART IV** - GENERAL - TO BE COMPLETED BY ALL TRAVELERS, SHIPPERS AND RECIPIENTS

27. WERE YOU ACTING AS AN AGENT, ATTORNEY OR IN CAPACITY FOR ANYONE IN THIS CURRENCY OR MONETARY INSTRUMENT ACTIVITY? (If "Yes" complete A, B and C) ☐ Yes ☐ No

| PERSON IN WHOSE BEHALF YOU ARE ACTING ▶ | A. Name | B. Address | C. Business activity occupation or profession |
|---|---|---|---|

Under penalties of perjury, I declare that I have examined this report, and to the best of my knowledge and belief it is true, correct and complete.

| 28. NAME AND TITLE | 29. SIGNATURE | 30. DATE |
|---|---|---|

(Replaces IRS Form 4790 which is obsolete)

**Customs Form 4790** (120384)

## GENERAL INSTRUCTIONS

This report is required by Treasury Department regulations (31 Code of Federal Regulations 103).

**Who Must File.** — Each person who physically transports, mails, or ships, or causes to be physically transported, mailed, shipped or received currency or other monetary instruments in an aggregate amount exceeding $10,000 on any one occasion from the United States to any place outside the United States, or into the United States from any place outside the United States.

**A TRANSFER OF FUNDS THROUGH NORMAL BANKING PROCEDURES WHICH DOES NOT INVOLVE THE PHYSICAL TRANSPORTATION OF CURRENCY OR MONETARY INSTRUMENTS IS NOT REQUIRED TO BE REPORTED.**

**Exceptions.** — The following persons are not required to file reports: (1) a Federal reserve bank, (2) a bank, a foreign bank, or a broker or dealer in securities in respect to currency or other monetary instruments mailed or shipped through the postal service or by common carrier, (3) a commercial bank or trust company organized under the laws of any State, or of the United States with respect to overland shipments of currency or monetary instruments shipped to or received from an established customer maintaining a deposit relationship with the bank, in amounts which the bank may reasonably conclude do not exceed amounts commensurate with the customary conduct of the business, industry or profession of the customer concerned, (4) a person who is not a citizen or resident of the United States in respect to currency or other monetary instruments mailed or shipped from abroad to a bank or broker or dealer in securities through the postal service or by common carrier, (5) a common carrier of passengers in respect to currency or other monetary instruments in the possession of its passengers, (6) a common carrier of goods in respect to shipments of currency or monetary instruments not declared to be such by the shipper, (7) a travelers' check issuer or its agent in respect to the transportation of travelers' checks prior to their delivery to selling agents for eventual sale to the public, nor by (8) a person engaged as a business in the transportation of currency, monetary instruments and other commercial papers with respect to the transportation of currency or other monetary instruments overland between established offices of banks or brokers or dealers in securities and foreign persons.

### WHEN AND WHERE TO FILE:

**A. Recipients.** — Each person who receives currency or other monetary instruments shall file Form 4790, within 30 days after receipt, with the Customs officer in charge at any port of entry or departure or by mail with the Commissioner of Customs, Attention: Currency Transportation Reports, Washington, D.C. 20229.

**B. Shippers or Mailers.** — If the currency or other monetary instrument does not accompany the person entering or departing the United States, Form 4790 may be filed by mail on or before the date of entry, departure, mailing, or shipping with the Commissioner of Customs, Attention: Currency Transportation Reports, Washington, D.C. 20229.

**C. Travelers.** — Travelers carrying currency or other monetary instruments with them shall file Form 4790 at the time of entry into the United States or the time of departure from the United States with the Customs officer in charge at any Customs port of entry or departure.

An additional report of a particular transportation, mailing, or shipping of currency or the monetary instruments, is not required if a complete and truthful report has already been filed. However, no person otherwise required to file a report shall be excused from liability for failure to do so if, in fact, a complete and truthful report has not been filed. Forms may be obtained from any United States Customs Service office.

**PENALTIES.** — Civil and criminal penalties, including under certain circumstances a fine of not more than $500,000 and imprisonment of not more than five years, are provided for failure to file a report, supply information, and for filing a false or fraudulent report. In addition, the currency or monetary instrument may be subject to seizure and forfeiture. See sections 103.47, 103.48 and 103.49 of the regulations.

### DEFINITIONS:

**Bank.** — Each agent, agency, branch or office within the United States of a foreign bank and each agency, branch or office within the United States of any person doing business in one or more of the capacities listed: (1) a commercial bank or trust company organized under the laws of any state or of the United States; (2) a private bank; (3) a savings and loan association or a building and loan association organized under the laws of any state or of the United States; (4) an insured institution as defined in section 401 of the National Housing Act; (5) a savings bank, industrial bank or other thrift institution; (6) a credit union organized under the laws of any state or of the United States; and (7) any other organization chartered under the banking laws of any state and subject to the supervision of the bank supervisory authorities of a state.

**Foreign Bank.** — A bank organized under foreign law, or an agency, branch or office located outside the United States of a bank. The term does not include an agent, agency, branch or office within the United States of a bank organized under foreign law.

**Broker or Dealer in Securities.** — A broker or dealer in securities, registered or required to be registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934.

**IDENTIFYING NUMBER.** — Individuals must enter their social security number, if any. However, aliens who do not have a social security number should enter passport or alien registration number. All others should enter their employer identification number.

**Investment Security.** — An instrument which : (1) is issued in bearer or registered form; (2) is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; (3) is either one of a class or series or by its terms is divisible into a class or series of instruments; and (4) evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer.

**Monetary Instruments.** — Coin or currency of the United States or of any other country, travelers' checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments (except warehouse receipts or bills of lading) in bearer form or other in such form that title thereto passes upon delivery. The term includes bank checks, travelers' checks and money orders which are signed but on which the name of the payee has been omitted, but does not include bank checks, travelers' checks or money orders made payable to the order of a named person which have not been endorsed or which bear restrictive endorsements.

**Person.** — An individual, a corporation, a partnership, a trust or estate, a joint stock company, an association, a syndicate, joint venture, or other unincorporated organization or group, and all entities cognizable as legal personalities.

### SPECIAL INSTRUCTIONS:

You should complete each line which applies to you. Part II. — Line 22, Enter the exact date you shipped or received currency or the monetary instrument(s). Line 23, Check the applicable box and give the complete name and address of the shipper or recipient. Part III. — Line 26, If currency or monetary instruments of more than one country is involved, attach a schedule showing each kind, country, and amount.

---

### PRIVACY ACT AND PAPERWORK REDUCTION ACT NOTICE

Pursuant to the requirements of Public Law 93-579, (Privacy Act of 1974), notice is hereby given that the authority to collect information on Form 4790 in accordance with 5 U.S.C. 552a(e)(3) is Public Law 91-508; 31 U.S.C. 5316; 5 U.S.C. 301; Reorganization Plan No. 1 of 1950; Treasury Department No. 165, revised, as amended; 31 CFR 103; and 44 U.S.C. 3501.

The principal purpose for collecting the information is to assure maintenance of reports or records where such reports or records have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings. The information collected may be provided to those officers and employees of the Customs Service and any other constituent unit of the Department of the Treasury who have a need for the records in the performance of their duties. The records may be referred to any other department or agency of the Federal Government upon the request of the head of such department or agency.

Disclosure of this information is mandatory. Failure to provide all or any part of the requested information may subject the currency or monetary instruments to seizure and forfeiture, as well as subject the individual to civil and criminal liabilities.

Disclosure of the social security number is mandatory. The authority to collect this number is 31 CFR 103.25. The social security number will be used as a means to identify the individual who files the record.

The collection of this information is mandatory pursuant to 31 U.S.C. 5316.

---

Customs Form 4790 (120384) (Back)

☆ U.S. GOVERNMENT PRINTING OFFICE: 1985-517-320/10119