**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Ralph HOYLAND,
Defendant–Appellant.**

No. 91–55233.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 1991.

Decided March 20, 1992.

Janet Sherman, Victor Sherman, Santa Monica, Cal., for defendant-appellant.

Stephen G. Wolfe and Mark Larsen, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before PREGERSON, CANBY and RYMER, Circuit Judges.

CANBY, Circuit Judge:

James Ralph Hoyland appeals the denial of the motion to vacate his sentence under 28 U.S.C. § 2255. We affirm.

## BACKGROUND

On October 14, 1986, Hoyland opened an account with the Bank of Newport in Newport Beach, California. Hoyland, a high school teacher, deposited $61,433 in this account over the next four months. He stipulated that each of his numerous transactions involved less than $10,000. Hoyland further stipulated that he wanted to prevent the bank from filing the currency transaction reports required for all deposits exceeding $10,000. Throughout the transactions, Hoyland never received notice that his actions were illegal. The district court convicted Hoyland on six counts of structuring currency transactions with the intent to evade the reporting requirements in violation of 31 U.S.C. § 5324(3). We affirmed this conviction in *United States v. Hoyland,* 914 F.2d 1125 (9th Cir.1990).

Hoyland then moved to vacate his sentence under 28 U.S.C. § 2255, asserting that various government documents allegedly relevant to his conviction had not been promulgated in accordance with the Administrative Procedure Act, 5 U.S.C. § 553. He also based his claim on the Internal Revenue Service Commissioner's failure to authorize the investigation pursuant to a Memorandum of Understanding.[1] The district court denied that motion, and Hoyland appeals.

## DISCUSSION

### I. *Form 4789*

■ Hoyland contends that the Treasury Secretary's failure to promulgate the Currency Transaction Reporting Form (Form 4789) as a regulation should render his conviction invalid. He relies primarily on *United States v. Reinis,* 794 F.2d 506, 508 (9th Cir.1986), where failure to publish Form 4789 was the basis for reversing an individual's conviction for aiding and abetting a violation of 31 U.S.C. § 5313(a). Because Hoyland's case is distinguishable from *Reinis,* his argument fails.

---

1. The memorandum was signed by I.R.S. Commissioner Roscoe Egger and Assistant Treasury Secretary David Green. It requires the commissioner to approve all criminal investigations authorized by 31 C.F.R. § 103.46(b)(8) and Treasury Department Order 105–13.

When we decided *Reinis* in 1986, 31 U.S.C. § 5313(a) and 31 C.F.R. § 103.22(a) required reports for currency transactions exceeding $10,000. These provisions did not refer to any requirement for reporting aggregate amounts deposited on the same day. The instructions on Form 4789 did refer to this requirement, but we concluded that they lacked the force of law because they had never been published. *Reinis*, 794 F.2d at 508.

After *Reinis*, Congress passed 31 U.S.C. § 5324.[2] This statute, which took effect in January 1987, prohibits persons from structuring transactions to evade the reporting requirements. Hoyland was convicted of violating this newer statute. As currently written, the law does not rely on Form 4789 to impose any legal obligation on Hoyland. *See* 31 U.S.C. § 5324. Accordingly, the failure to publish the form does not render his conviction invalid. *Cf. Reinis*, 794 F.2d at 508.

## II. *Delegation Orders*

■ Hoyland further contends that his conviction is invalid because of the government's failure to publish internal delegation orders and a Memorandum of Understanding requiring the Commissioner of the Internal Revenue Service to approve all criminal investigations authorized by 31 C.F.R. § 103.46(b)(8). We rejected a similar argument in *United States v. Saunders*, 951 F.2d 1065 (9th Cir.1991). There we held that delegation orders were not among the orders explicitly required to be published by the Federal Register Act, 44 U.S.C. § 1502 *et seq.* We also held that delegation orders did not fall within the catchall provision of that Act, which requires publication of "documents cited for publication ... by an Act of Congress." *Id.* at 1068; 44 U.S.C. § 1505(a)(3). Implicit in that ruling is that the APA does not require publication of delegation orders. If there is any doubt about that implicit ruling, we now make it explicit, as the Tenth Circuit and others have, that the APA does not require publication of orders "which internally delegate authority to enforce the Internal Revenue laws." *Lonsdale v. United States*, 919 F.2d 1440, 1446 (10th Cir.1990) (reviewing similar rulings by the Fifth and Sixth Circuits). Thus we reject Hoyland's contentions that failure to publish the orders and memorandum bars criminal liability.

## III. *Failure to Authorize Investigation*

■ Hoyland finally asserts that the Commissioner of the Internal Revenue Service failed to authorize the investigation of his crimes pursuant to the Memorandum of Understanding. He contends that this omission is sufficient to invalidate his conviction. This argument is without merit. The memorandum only requires authorization in criminal investigations of financial institutions pursuant to 31 C.F.R. § 103.-46(b)(8)[3] and Treasury Department Order

---

**2.** The statute provides:

> No person shall for the purpose of evading the reporting requirements of section 5313(a) with respect to such transaction—
> (1) cause or attempt to cause a domestic financial institution to fail to file a report required under section 5313(a);
> (2) cause or attempt to cause a domestic financial institution to file a report required under section 5313(a) that contains a material omission or misstatement of fact; or
> (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

31 U.S.C. § 5324.

**3.** Title 31, Code of Federal Regulations, Section 103 provides in part:

§ 103.46 Enforcement
(a) Overall authority for enforcement and compliance, including coordination and direction of procedures and activities of all other agencies exercising delegated authority under this part, is delegated to the Assistant Secretary (Enforcement).
(b) Authority to examine institutions to determine compliance with the requirements of this part is delegated as follows:

* * * * * *

(8) To the Commissioner of Internal Revenue with respect to all financial institutions, except brokers or dealers in securities, not currently examined by Federal bank supervisory agencies for soundness and safety.

105–13.[4] This memorandum is irrelevant to Hoyland's conviction and thus can provide no basis for its invalidation.

The judgment of the district court is AFFIRMED.

---

4. Treasury Department Order 105–13 grants "authority to initiate investigations of banks and brokers or dealers in securities" for possible criminal violations of 31 C.F.R. § 103.