983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. HEUN, Defendant-Appellant.
 No. 90-10609.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.
Submission Deferred Nov. 3, 1992.
Resubmitted Dec. 15, 1992.*
Decided Dec. 30, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After a jury trial, Michael J. Heun was convicted of one count of willful attempt to evade income tax, in violation of 26 U.S.C. § 7201; one count of making and subscribing to a false income tax return, in violation of 26 U.S.C. § 7206(1); and five counts of willful failure to file a tax return, in violation of 26 U.S.C. § 7203.
 
 
 3
 Heun raises eleven issues on appeal. He contends: (1) the district of Arizona was not a proper venue; (2) the district court did not have personal jurisdiction over him; (3) the indictment filed against him was insufficient; (4) the district court committed harmful error by issuing the jury panel list directly to the IRS, and by limiting the scope of his statutory request for juror tax information to six years; (5) the jury instruction regarding willfulness was improper because it did not specifically refer to bad purpose or evil motive; (6) the district court erred by failing to adequately inform him of the true nature and cause of the accusations against him; (7) the district court erred by denying his motion for a bill of particulars; (8) the failure of the IRS to publish its central and field organization chart renders his conviction invalid; (9) the district court erred by denying his discovery motion; (10) the district court erred by failing to dismiss the indictment against him even though the government did not produce a valid assessment of the alleged tax deficiency; and (11) the district court erred by refusing to receive 26 U.S.C. § 6211 and Treas.Reg. § 601.106 into evidence. We reject all of Heun's arguments and affirm his convictions.
 
 DISCUSSION
 1. Venue
 
 4
 The question whether venue is proper is one of law which we review de novo. United States v. Abernathy, 757 F.2d 1012, 1014 (9th Cir.), cert. denied, 474 U.S. 854 (1985).
 
 
 5
 Generally, venue is proper in a district in which the offense was committed. See Fed.R.Crim.P. 18. An offense "begun in one district and completed in another, or committed in more than one district, may be ... prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).
 
 
 6
 Venue in the district court of Arizona was proper for prosecution of the charges of violations of sections 7201 (willful attempt to evade) and 7206(1) (making a false return) because implicit in Heun's objection to venue was the fact that he prepared his 1983 tax return in Arizona. See CR at 22; 18 U.S.C. § 3237(a). The act of preparing the allegedly false return in Arizona is sufficient to establish venue in the district of Arizona for prosecution of violations of both sections 7201 and 7206(1).
 
 
 7
 Venue was also proper for prosecution of violation of section 7203 (failure to file a return) because that offense occurs at a defendant's place of residence. United States v. Hicks, 947 F.2d 1356, 1361 (9th Cir.1991). In this case that was Arizona. Heun admits he resided and worked in Arizona at the times of the acts charged in violation of section 7203. Opening Brief at 2.
 
 2. Personal Jurisdiction
 
 8
 A district court's assumption of jurisdiction is reviewed de novo. United States v. Peralta, 941 F.2d 1003, 1010 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1484 (1992).
 
 
 9
 Even though service of the summons upon Heun may have been defective, the district court had personal jurisdiction over him because he appeared before the court. In a criminal case "a court has exclusive personal jurisdiction over any party who appears before it, regardless of how that appearance was effected." United States v. Warren, 610 F.2d 680, 684 n. 8 (9th Cir.1980).
 
 3. Indictment
 
 10
 The sufficiency of an indictment is examined de novo. United States v. Dischner, 974 F.2d 1502, 1518 (9th Cir.1992).
 
 
 11
 The indictment against Heun is sufficient. The indictment provides sufficient notice of the charges against Heun and is drawn with sufficient specificity to foreclose further prosecution upon the same facts. See United States v. Boone, 951 F.2d 1526, 1542 (9th Cir.1991).
 
 
 12
 The indictment is sufficient even though it cited to the Internal Revenue Code sections prescribing penalties for failure to file income tax returns rather than to the section that requires a tax return to be filed. The government is not required to cite 26 U.S.C. § 6012 in an indictment to give the defendant notice of the charges filed against him. United States v. Vroman, 975 F.2d 669 (9th Cir.1992).
 
 
 13
 Moreover, the government is not required to allege in the indictment that Heun did not come within a statutory exception to the offenses he was charged with violating. See United States v. Green, 962 F.2d 938, 941 (9th Cir.1992).
 
 4. Juror Tax Information
 
 14
 Whether the handling of defendant's request for juror tax information complied with 26 U.S.C. § 6103(h)(5) is an issue of law reviewed de novo. Hicks, 947 F.2d at 1358.
 
 
 15
 Heun requested early release of the jury panel list in order to obtain information regarding potential jurors, pursuant to his statutory right under 26 U.S.C. § 6103(h)(5). The district court ordered the court clerk to send the potential list of jurors directly to the IRS disclosure officer, and have the disclosure officer search the IRS records for section 6103(h)(5) information. The district court ordered the disclosure officer to search for all available years for criminal investigations of the potential jurors, but to search only the last six years for other investigations, such as audits. CR 90.
 
 
 16
 Heun contends the district court erred by (a) issuing the jury panel list directly to the disclosure officer in order to obtain juror tax information, and (b) ordering the disclosure officer to confine his search for noncriminal juror tax information, under 26 U.S.C. § 6103(h)(5), to a term of six years.
 
 
 17
 a. Issuance of Jury Panel List Directly to IRS
 
 
 18
 The district court did not err by issuing the jury panel list directly to the IRS. In Hicks, the court held that a trial court may issue a section 6103(h)(5) request for juror tax information to the IRS. Hicks, 947 F.2d at 1360.
 
 
 19
 b. Limited Scope of Search for Section 6103(h)(5) Information
 
 
 20
 Heun is correct in his assertion that the trial court failed to comply with section 6103(h)(5) when it limited the scope of its request for noncriminal information to a term of six years. See Hicks, 947 F.2d at 1360; United States v. Sinigaglio, 942 F.2d 581, 583 (9th Cir.1991). We need not decide whether this type of section 6103(h)(5) violation raises a presumption of a significant risk of prejudice which may be overcome by the trial court's voir dire questioning, Sinigaglio, 942 F.2d at 583, or whether such a violation requires the defendant to demonstrate he was prejudiced by the statutory violation. Hicks, 947 F.2d at 1360. The error is harmless under either analysis.
 
 
 21
 If Sinigaglio applies, and a section 6103(h)(5) violation raises a presumption of a risk of prejudice, the government may rebut the presumption by proving curative questions were asked on voir dire. See United States v. Hardy, 941 F.2d 893, 896 (9th Cir.1991) (any harm resulting from noncompliance with statute was cured by voir dire questions that paraphrased the statute). The government requested the voir dire transcript. CR 202. Heun failed to comply with Ninth Circuit rule 10-3.3 by refusing to pay for the requested transcript or certify why it was unnecessary to the appeal. Ninth Cir.Rule 10-3.3. Because Heun's noncompliance with Rule 10-3.3 prevented the government from demonstrating curative questions were asked on voir dire, the government's duty to rebut any presumption of risk of prejudice is excused. Consequently, the section 6103 violation was harmless. See Hardy, 941 F.2d at 896 (applying a harmless error analysis to a failure to comply with section 6103(h)(5)).
 
 
 22
 If, on the other hand, Hicks applies, and the burden is placed on the defendant to demonstrate prejudice resulted from the district court's erroneous limitation of the section 6103 request, Heun's claim would still be unsuccessful. Heun has not provided this court with a trial transcript as he was required to do. See Fed.R.App.P. 10(b)(2). Heun has thus failed to demonstrate that he was prejudiced in any way by the court's decision to limit the scope of his section 6103(h)(5) request. Hicks, 947 F.2d at 1360 ("Hicks failed to allege any prejudice from the trial court's decision [to limit the scope of the section 6103(h)(5) request], and cannot demonstrate that he was prejudiced in any way."). Again, the error by the district court was harmless. See Hicks, 947 F.2d at 1360.
 
 5. Jury Instruction
 
 23
 A district court's formulation of jury instructions is reviewed for plain error when there is no objection to the jury instructions at the time of trial. Boone, 951 F.2d at 1541. Under the plain error standard of review, we will disturb the judgment of the trial court only to prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process. See United States v. Smith, 962 F.2d 923, 935 (9th Cir.1992).
 
 
 24
 Because Heun has not provided this court with the relevant transcript of the jury instructions or any objections to them, we reject his claim on appeal that the willfulness instruction was improper because it did not refer to "bad faith or evil intent." See Fed.R.App.P. 10(b)(2); Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991).
 
 
 25
 Assuming arguendo that the willfulness instruction included in the government's excerpt of record as jury instruction 15 was given to the jury, this did not result in plain error. Neither "bad purpose" nor "evil motive" is an element of willful failure to file an income tax return. See United States v. Powell, 955 F.2d 1206, 1211 (9th Cir.1992).
 
 
 26
 6. Nature and Cause of Accusations Against Heun
 
 
 27
 Heun's allegation that the court failed to adequately inform him of the true nature and cause of the accusations against him is meritless.
 
 7. Bill of Particulars
 
 28
 Denial of a motion for a bill of particulars is reviewed for an abuse of discretion. United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir.1991).
 
 
 29
 The district court did not abuse its discretion by denying Heun's motion for a bill of particulars because the indictment itself provided Heun with sufficient details of the charges against him. See United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.) (if the indictment itself provides details of the alleged offense, a bill of particulars is unnecessary), cert. denied, 444 U.S. 979 (1979).
 
 
 30
 8. Unpublished IRS Central and Field Organizational Chart
 
 
 31
 The government's authority to prosecute Heun without publishing its central and field organizational chart is a question of law reviewed de novo. United States v. Bentson, 947 F.2d 1353, 1355 (9th Cir.1991) (whether failure to comply with the APA's publication requirements renders defendant's conviction invalid is an issue of law), cert. denied, --- U.S. ----, 112 S.Ct. 2310 (1992).
 
 
 32
 The fact that the IRS never published its central and field organizational chart does not render Heun's conviction invalid, because the chart did not add to his substantive obligation to file income tax returns and the nonpublication of the chart did not prejudice his defense. See United States v. Hoyland, 960 F.2d 94 (9th Cir.1992) (government failure to comply with publication requirement did not render conviction invalid because unpublished form did not impose any legal obligation on defendant). "It is the tax code itself, without reference to regulations, that imposes the duty to file a tax return." Hicks, 947 F.2d at 1360.
 
 9. Denial of Discovery
 
 33
 A district court's decisions on discovery matters are reviewed for abuse of discretion. United States v. Malquist, 791 F.2d 1399, 1402 (9th Cir.), cert. denied, 479 U.S. 954 (1986). A denial of discovery will only be reversed where the appellant shows prejudice to substantial rights. United States v. Michaels, 796 F.2d 1112, 1115 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987); United States v. Dioguardi, 428 F.2d 1033, 1038 (2d Cir.) (government's failure to produce computer program did not require reversal because there was no appreciable risk that prejudice resulted), cert. denied, 400 U.S. 825 (1970). Heun has not provided this court with a trial transcript as he was required to do. See Fed.R.App.P. 10(b)(2). Without a transcript, there is nothing to show whether Heun's ability to defend the charges against him was prejudiced by the denial of discovery. It was Heun's burden to make this necessary showing, and he has failed to do so.
 
 
 34
 10. Evidence of Tax Deficiency Necessary for Indictment
 
 
 35
 A district court's decision to deny a motion to dismiss an indictment is reviewed de novo. United States v. Dahms, 938 F.2d 131, 133 (9th Cir.1991).
 
 
 36
 The district court did not err by refusing to dismiss the indictment against Heun even though the government did not produce a valid assessment of the alleged tax deficiency. A valid tax assessment is not a prerequisite to an indictment. Evidence of tax liability in a reported evasion case may be established at trial by documentary evidence of tax liability, accompanied by expert testimony. United States v. Voorhies, 658 F.2d 710, 715 (9th Cir.1981).
 
 11. Exclusion of Evidence
 
 37
 We dismiss Heun's contention that the district court improperly excluded certain defense evidence. Heun failed to provide a transcript of the evidence adduced at trial, and without a transcript we will not address his argument. See Syncom Capital Corp., 924 F.2d at 169-70.
 
 
 38
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3