990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George GEBRAYEL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16384.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1993.*
Decided March 17, 1993.
 
 1
 Before PREGERSON, BEEZER, Circuit Judges, and TAKASUGI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 In his third appeal to this court, George Gebrayel raises four issues which he believes entitle him to habeas corpus relief under 28 U.S.C. § 2255. The district court dismissed his petition; we affirm.
 
 
 4
 * Gebrayel was vice chairman of the Pan American International Bank's board of directors in Las Vegas. Following an Internal Revenue Service ("IRS") undercover investigation, a jury convicted Gebrayel of failure to file timely currency transaction reports under the Currency Transaction Reporting Act ("CTRA") on transactions aggregating to more than $100,000 in a twelve month period, 31 U.S.C. §§ 5313, 5322; aiding and abetting the filing of a false statement with the government, 18 U.S.C. §§ 2, 1001; and conspiracy to violate the CTRA, 18 U.S.C. § 371. In 1984, Gebrayel was sentenced to two years imprisonment and five years concurrent probation.
 
 
 5
 We affirmed the conviction on direct appeal. United States v. Gebrayel, Nos. 84-1296, 85-1277, mem. op. (9th Cir. April 30, 1986) [hereinafter Gebrayel I ]. We denied a subsequent petition for rehearing and suggestion for rehearing en banc. Gebrayel then moved for a reduction of sentence under Fed.R.Crim.P. 35. The district court denied his motion; we affirmed. United States v. Gebrayel, 849 F.2d 1476 (9th Cir.1988) (text in WESTLAW) [hereinafter Gebrayel II ]. In the instant action, Gebrayel is before us with an appeal from the district court's denial of his habeas corpus petition, 28 U.S.C. § 2255.[1]
 
 II
 
 6
 We review the grant or denial of a § 2255 motion de novo. United States v. Quan, 789 F.2d 711, 713 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986). The district court made no findings of fact or conclusions of law.
 
 A. The Validity of Form 4789
 
 7
 Gebrayel first argues that Form 4789 is legally invalid for failure to conform to the CTRA. He relies on United States v. Reinis, 794 F.2d 506 (9th Cir.1986); however, as we have previously ruled, Reinis is inapposite to this case. Gebrayel II, at 2-3. Gebrayel was convicted of violating 31 U.S.C. § 5313. This statute was executed through 31 C.F.R. § 103.22. Gebrayel's conviction was not based upon requirements peculiar to Form 4789.
 
 
 8
 Additionally, there is no merit to the contention that 31 C.F.R. § 103.22 is invalid for failure to conform to Congressional purposes behind the CTRA.
 
 
 9
 B. Sufficiency of the Evidence as to the CTRA Count
 
 
 10
 Gebrayel contends that the CTRA did not clearly require him, as an individual, to file currency transaction reports. He argues that there is legally insufficient evidence to show he "had it within his power" to cause the bank to fail to file the currency transaction reports. He also alleges that he was not an officer of the bank until after the last transaction alleged in the indictment.
 
 
 11
 In United States v. Dela Espriella, 781 F.2d 1432, 1436-37 (9th Cir.1986), we held that an individual could be deemed a "financial institution" for purposes of § 5313 if that person "engages in a business in dealing or exchanging currency." Evidence at trial showed that at the time of the alleged transactions, Gebrayel was a controlling shareholder who exercised considerable influence over the bank even though he was not formally an officer. The evidence is sufficient to sustain Gebrayel's conviction under § 5313. See Gebrayel I, at 11-12.
 
 
 12
 C. 18 U.S.C. § 1001 False Statement Conviction
 
 
 13
 Gebrayel contends that our holding in United States v. Murphy, 809 F.2d 1427 (9th Cir.1987) requires dismissal of his conviction for violating 18 U.S.C. § 1001. In Murphy, we held that "[Form 4789] does not clearly impose a duty to disclose the persons who delivered ... the deposited currency." Id. at 1430. We found that the phrase "for whose account" on the form could be interpretted as "on whose behalf" or "for whose bank account." Id.
 
 
 14
 The government argues that notwithstanding Murphy, Gebrayel supplied false information on Form 4789. We agree. The undercover agent used the name "Miguel Holguin" when dealing with Gebrayel and others at the bank. All participants in the scheme, however, agreed to use the name "Manuel Orozco" on the Currency Transaction Reports. When Gebrayel completed the Currency Transaction Report for the January 5, 1983 transaction, he used the name "Jose Garcia." The name provided by Gebrayel cannot fit under either interpretation of the language on Form 4789.
 
 D. Conspiracy
 
 15
 Because we affirm the validity of the substantive counts discussed above, the conspiracy count is also valid. The sufficiency of the evidence of the conspiracy count was considered and affirmed on direct appeal. Gebrayel I, at 9-10.
 
 III
 
 16
 The district court's denial of Gebrayel's § 2255 motion is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Gebrayel is no longer incarcerated, he faces deportation proceedings based at least in part on this conviction