**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-6476

TIMOTHY JAY BLACKWELL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Charles E. Simons, Jr., Senior District Judge.
(CR-90-319)

Submitted: December 5, 1995

Decided: January 30, 1996

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Douglas Fisher, FISHER LAW FIRM, P.A., Hillsborough, North
Carolina, Robert A. Hassell, Hillsborough, North Carolina, for Appel-
lant. J. Preston Strom, Jr., United States Attorney, Mark C. Moore,
Assistant United States Attorney, Shane R. Page, Third Year Law
Student, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Timothy Jay Blackwell was convicted by a jury for money laundering and conspiracy to possess with intent to distribute cocaine. On appeal, this Court reversed the money laundering conviction and upheld the conspiracy conviction. See United States v. Baker, 985 F.2d 1248 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3451 (U.S. Nov. 11, 1994) (No. 93-51).*

In upholding Blackwell's conspiracy conviction we found the following: a conspiracy to distribute cocaine located in the Rock Hill, South Carolina/Charlotte, North Carolina area existed; the conspiracy was known as the Purser-Arrendell conspiracy; Odas White was a participant in the Purser-Arrendell conspiracy; Blackwell sold one kilogram of cocaine to government informant Terry Norman; pursuant to that drug transaction, White delivered one-half a kilogram of cocaine to Norman, supporting the inference that he acted as Blackwell's partner; that the large number of calls logged between telephone numbers controlled by White and Blackwell supported the allegation that they were partners in a drug conspiracy; that the evidence allowed the jury to conclude that White's participation as Blackwell's partner meant that Blackwell was part of the Purser-Arrendell conspiracy.

Thereafter, Blackwell filed a motion for a new trial in the district court, under Fed. R. Crim. P. 33, based upon "newly discovered" evidence. Blackwell offered the affidavit of co-defendant White, who stated that Norman's testimony was false; that he and Blackwell did not conspire to sell drugs; and that the government never requested he testify against Blackwell. In opposition, the government contends

_____

*Blackwell's appeal was consolidated with another appeal in this Court.

2

that White refused to testify against Blackwell because he feared reprisals from the Hell's Angels organization, and he therefore pled guilty rather than testify against Blackwell pursuant to a plea agreement. Blackwell asserts that the district court erred by failing to grant his motion for a new trial.

A district court's denial of a motion for a new trial will not be set aside absent an abuse of discretion. United States v. Campbell, 977 F.2d 854, 860 (4th Cir. 1992), cert. denied, ___ U.S. ___, 61 U.S.L.W. 3583 (U.S. Feb. 22, 1993) (No. 92-7048). A new trial may be granted on the basis of newly discovered evidence if: (1) the evidence is, in fact, newly discovered; (2) the movant has exercised due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in an acquittal at the new trial. All five requirements must be met. United States v. Custis, 988 F.2d 1355, 1359 (4th Cir.), aff'd, ___ U.S. ___, 62 U.S.L.W. 4346 (U.S. May 23, 1994) (No. 93-5209). The trial court should only grant a new trial when the evidence weighs so heavily against the verdict that it would be unjust to enter judgment. United States v. Arrington, 757 F.2d 1484, 1485-86 (4th Cir. 1985) (citations omitted).

We find that the district court did not abuse its discretion when it determined that Blackwell failed to show he met all five requirements under Custis, 988 F.2d at 1359. In particular, we find that Blackwell failed to exercise due diligence in obtaining White's testimony and that White's testimony is not "newly discovered." The record is undisputed that Blackwell and White knew each other well. Blackwell has failed to indicate why he did not know White could exculpate him until after trial and appeal or why White was not called as a witness after he decided to pled guilty. Courts are understandably suspicious of persons who forego testifying and after trial attempt to exculpate a criminal defendant. See United States v. Miliet, 804 F.2d 853, 859 (5th Cir. 1986) (district court could properly conclude that defendant failed to show due diligence in discovering evidence where defendant failed to call any witnesses at trial who could corroborate his story or adequately explain his failure to do so); United States v. Diggs, 649 F.2d 731, 740 (9th Cir.) (when a defendant has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not "newly discovered"), cert. denied, 454

3

U.S. 970 (1981), <u>overruled on other grounds</u>, <u>United States v. Ibarra-Alcarez</u>, 830 F.2d 968 (9th Cir. 1987).

Accordingly, we affirm the district court's denial of Blackwell's motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

4