963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe Carlos DOMINGUEZ, Defendant-Appellant.
 No. 91-30303.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided May 21, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Felipe Carlos Dominguez was convicted with Efrain Oseguera-Haros on various drug charges. On appeal Dominguez claims that the statements of a third codefendant, Margarito Valdez-Alfaro, which were unavailable at trial and became available after the government granted Valdez-Alfaro immunity, constitute newly discovered evidence and warrant a new trial. Dominguez also claims that his own post-arrest statements should have been suppressed because of failure by the government to give adequate Miranda warnings until one-half hour into his interrogation. Finally, Dominguez argues that physical evidence obtained by consent stemming from the faulty Miranda warning, and consent from his housemate, should have also been suppressed. His claims are meritless, and we affirm.
 
 
 3
 * "In general, this court reviews the denial of a motion for a new trial for an abuse of discretion." United States v. Walgren, 885 F.2d 1417, 1426 (9th Cir.1989) (citing United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987)). We review the trial court's denial of a motion for an evidentiary hearing for an abuse of discretion as well. Lopez, 803 F.2d at 977; see also United States v. Navarro-Garcia, 926 F.2d 818, 822 (9th Cir.1991). We review the voluntariness of a confession and of a Miranda waiver de novo. Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992). We review the historical and subsidiary facts related to the Miranda waiver for clear error. Id.
 
 II
 
 4
 * There is a four-factor test to determine whether the trial court abused its discretion in failing to grant a new trial:
 
 
 5
 1) the evidence is newly discovered and was unknown to the defendant at the time of trial; 2) the evidence is material, not merely cumulative or impeaching; 3) the evidence will probably produce an acquittal; and 4) failure to learn of the evidence sooner was not due to lack of diligence.
 
 
 6
 Walgren, 885 F.2d at 1428 (citing United States v. Kenny, 645 F.2d 1323, 1343 (9th Cir.), cert. denied, 452 U.S. 920 (1981)). However, "the third standard ... does not apply when the motion implicates governmental misconduct." Id.
 
 
 7
 Dominguez cannot get over the first criterion. Even if Dominguez did not know the details of Valdez-Alfaro's version, he did know that Valdez-Alfaro claimed that he knew nothing of the drug transaction that took place on December 28, 1990. In the pretrial motion for severance submitted by Valdez-Alfaro, there was the statement that Valdez-Alfaro was unaware of the drug transaction and that the gun in the car was not his own. Moreover in an affidavit submitted by Dominguez, he stated that "I did not tell Margarito Valdez-Alfaro why I was going to the Fairgrounds Inn ... the weapon [in Valdez-Alfaro's car] did not belong to Valdez-Alfaro."
 
 
 8
 The law in this circuit is clear: Newly available evidence cannot constitute newly discovered evidence. United States v. Lockett, 919 F.2d 585, 591 (9th Cir.1990). As this circuit noted:
 
 
 9
 a court must exercise great caution in considering evidence to be "newly discovered" when it existed all along and was unavailable only because a co-defendant, since [made available] had availed himself of his privilege not to testify.
 
 
 10
 Id. at 592 (quoting United States v. Jacobs, 475 F.2d 270, 286 n. 33 (2d Cir.) (Friendly, J.), cert. denied, 414 U.S. 821 (1973)). Moreover, "[w]hen a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not 'newly discovered.' " United States v. Diggs, 649 F.2d 731, 740 (9th Cir.), cert. denied, 454 U.S. 970 (1981), overruled on other grounds, United States v. McConney, 728 F.2d 1195 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984), as stated in United States v. Ibarra-Alcarez, 830 F.2d 968, 973 n. 1 (1987). It is clear that Dominguez's attorney knew prior to trial that Valdez-Alfaro knew nothing of the transaction that took place.
 
 
 11
 Moreover, Dominguez has not shown that this testimony would probably result in an acquittal. As the government notes, even if Valdez-Alfaro was kept in the dark, the verdict is consistent with the finding that Dominguez conspired with Oseguera-Haros in the drug purchase. In support of the conspiracy verdict, at the trial: (1) Dennis testified that he had prior drug transactions with Dominguez and at one of them, Oseguera-Haros was present;[1] (2) Dominguez reminded Dennis that he knew Oseguera-Haros from another time; (3) Oseguera-Haros asked Dennis if he could close the curtains; (4) Oseguera-Haros picked up the bag with the money in it after Dominguez tossed the cocaine on the bed; and (5) both Dominguez and Oseguera-Haros did a sweep of the room before the buy, seemingly to make sure no one was watching them to see what was going on. It was, then, not an abuse of discretion for the district court to find that Valdez-Alfaro's testimony would not be newly discovered evidence that would probably result in acquittal.
 
 
 12
 Therefore, Dominguez's claim comes down to whether there was government misconduct in the timing of the dropping of the charges against Valdez-Alfaro. Under Fed.R.Crim.P. 33, Dominguez could have requested a new trial without newly discovered evidence if he had requested it within seven days of the verdict. Dominguez states the government intentionally delayed dismissing the charges against Valdez-Alfaro until after this seven day period.
 
 
 13
 The government, in response, claims it did seek immunity for Valdez-Alfaro prior to trial. However, the Department of Justice was unwilling to dismiss the case and "blindly immunize Valdez-Alfaro," until after the trial, hoping the trial would shed light on Valdez-Alfaro's role. The affidavit of Francis Diskin stated that Valdez-Alfaro's attorney declined the government's request for a proffer of his proposed testimony. Only after no evidence surfaced at the trial, did the government move for dismissal, for it was only at this time that it was evident "a conviction was unlikely." The government, then, dismissed the case against Valdez-Alfaro and compelled his testimony for a related investigation.
 
 
 14
 An examination of the record shows the government's explanation to be reasonable. Valdez-Alfaro could not have exonerated Dominguez--for the reasons stated above--but, as the public defender for Valdez-Alfaro stated, "Mr. Dominguez's testimony [would] exculpate Mr. Valdez-Alfaro from any wrongdoing." After the Dominguez trial, when it became evident that there was no evidence to show that Valdez-Alfaro was involved, the charges were dropped.
 
 
 15
 There was no abuse of discretion in the district court's denial of the motion for a new trial based on newly discovered evidence.
 
 B
 
 16
 Dominguez complains that the district court denied a motion for a new trial without an evidentiary hearing. This circuit has held that an evidentiary hearing "must be granted unless the alleged misconduct could not have affected the verdict or the district court can determine from the record before it that the allegations are without credibility." United States v. Navarro-Garcia, 926 F.2d 818, 822 (9th Cir.1991).
 
 
 17
 There was no abuse of discretion denying an evidentiary hearing. Presented in the form of affidavits were (1) the substance of Valdez-Alfaro's testimony, and (2) the government's reasons for the timing of the decision to dismiss the charges against Valdez-Alfaro after the Dominguez trial. The record before the district court was clearly sufficient to determine without an evidentiary hearing that the allegations were insufficient to require a new trial.
 
 C
 
 18
 Dominguez claims the only Miranda warning he received prior to his interrogation was a paraphrase. The government agent at the scene stated that at first he merely "paraphrased the fact that they had the right to remain silent and they had the right to an attorney." Dominguez claims that there was no warning that the statement could be used against him or that an attorney would be provided if he could not afford one.
 
 
 19
 Secondly, Dominguez complains that at the police station, he was not provided with a Miranda form until about one half-hour into the questioning, when Detective VanderLinden came in and presented a Voluntary Permission to Search form to search his residence. VanderLinden testified that the consent form was signed at 8:10 pm. The Miranda form indicates that it too was executed at 2010 hours (8:10 pm).
 
 
 20
 There was a full evidentiary hearing on suppression of Dominguez's statements and suppression of the results of the search. The trial court found that "the defendant was fully advised of his rights under Miranda. " This finding was not plainly erroneous.
 
 
 21
 The government need prove waiver only by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 168 (1986); United States v. Kelley, 953 F.2d 562, 564 (9th Cir.1992). It is evident that even if Dominguez initially was only given a paraphrase of the Miranda warnings, the evidentiary hearing showed that he was fully advised of his Constitutional rights before any questioning took place:
 
 
 22
 A [Officer Garcia]: I then explained to him that I was going to read him the waiver of his constitutional rights.
 
 
 23
 Q: And did you?
 
 
 24
 A: I did.
 
 
 25
 Q: Okay. Did you read it in Spanish?
 
 
 26
 A: Yes.
 
 
 27
 Q: How did you assure yourself he understood what you were reading to him?
 
 
 28
 A: After reading the form to him I asked him if he had understood the waiver and he said he had.
 
 
 29
 Q: And did you ask him to sign the waiver of rights as well?
 
 
 30
 A: I handed the form to him and I told him to read the waiver before he signed it.
 
 
 31
 Officer Garcia basically said the same thing at trial.
 
 
 32
 The only piece of evidence Dominguez can use to show his warnings were not given is the time filled in on the top of the Miranda form. The district court must have believed that the time on top of the form was filled out at the same time as the Voluntary Permission to Search form, although the Miranda form was signed by Dominguez (using an alias of Carlos Asevedo) prior to the interrogation. This conclusion was clearly supported by a preponderance of the evidence, for all the testimony at the evidentiary hearing showed that the Miranda warning was properly given prior to the interrogation. Other than the top of the Miranda form there was no evidence presented to indicate that Dominguez was not given the proper warnings prior to his interrogation.
 
 D
 
 33
 Dominguez claims the physical evidence should have been suppressed on two grounds. The first is that the consent was based on a faulty Miranda warning. The second is that the consent form signed by Manuel Dominguez--a joint occupant of the house--was insufficient. The first issue was addressed in the last section, where we found the warning was adequate. Because we find the Miranda warning was adequate, we do not reach the second ground.
 
 III
 
 34
 We find (1) the statement by Valdez-Alfaro was not newly discovered, and if it was, would not probably produce an acquittal; (2) there was no governmental misconduct in the timing of Valdez-Alfaro's grant of immunity; (3) there was no abuse of discretion in failing to hold an evidentiary hearing on the newly discovered evidence; (4) the trial court did not err in failing to suppress Dominguez's post-arrest statements because the Miranda warnings were adequate and given prior to interrogation; and (5) the physical evidence was properly admitted because the consent by Dominguez was not the result of a faulty Miranda warning.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Dennis specifically testified that Oseguera-Haros delivered cocaine at another occasion:
 Q: Had you previously seen Mr. Oseguera-Haros prior to December 28th?
 * * *
 A: In that apartment that I stayed at in Ballinger that I was getting kilos of cocaine.
 * * *
 Q: And who delivered the kilo of cocaine that you got on that occasion?
 A: Mr. [Oseguera-Haros].