978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Basilio ANGULO-RUIZ, Defendant-Appellant.
 Nos. 91-10253, 91-10372.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1992.*
Decided Nov. 2, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Undercover DEA agents in Tucson, Arizona, entered into negotiations with Basilio Angulo-Ruiz [Angulo], Marcos Cruz-Mendoza [Cruz], and two other men for the sale of 110 kilograms of cocaine. During the early conversations, agents purchased two kilos of sample cocaine from the defendants. Subsequently, police arrested the man who was delivering the 110 kilos to the officers. After the arrest, officers conducted a warrantless search of a suspected stash house, which uncovered approximately 600 kilograms of cocaine.
 
 
 3
 Angulo pled guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine. He appeals his sentence of 235 months imprisonment. Cruz was charged and convicted of conspiring to distribute more than five kilograms of cocaine and with possession with intent to distribute 500 grams or more but less than five kilograms of cocaine. He appeals his conviction on the ground that the judge improperly instructed the jury. He also appeals his sentence of 235 months imprisonment. We affirm.
 
 Angulo-Ruiz
 
 4
 We decline to reach the merits of Angulo-Ruiz's claims because we find that he waived his right to appeal. In United States v. Bolinger, 940 F.2d 478 (9th Cir.1991), we held:
 
 
 5
 There is no constitutional right to appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). The right is purely statutory. Abney v. United States, 431 U.S. 651, 656 (1977). We have held that an express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made. United Sttes v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 1488 (1992).
 
 
 6
 Id. at 480. The plea bargain agreement accepted by Angulo required him to waive his right to appeal, and he did so. Angulo's counsel does not argue on appeal that the waiver was not knowingly and voluntarily made.[1] The 235-month sentence imposed on Angulo was within the plea agreement range of 120 to 235 months. Accordingly, we do not consider his appeal on the merits.
 
 Cruz-Mendoza
 
 7
 Cruz raises four contentions on appeal. First, he argues that the trial court erred by refusing to give his requested jury instructions regarding his defense that he participated in the conspiracy regarding the intended 110-kilo sale only as a "ruse." A criminal defendant is entitled to an instruction covering a theory of defense if it has a basis in law and there is some foundation for it in the evidence. See United States v. Tabacca, 924 F.2d 906, 912 (9th Cir.1991); United States v. Ibarra-Alcarez, 830 F.2d 968, 973 (9th Cir.1987).
 
 
 8
 Cruz's defense was not that he planned to dupe his buyers out of their cash payment; rather, his evidence was that the "ruse" consisted at most of an attempt to delay the sale until the conspirators gained access to the cocaine. Barnett testified that the conspirators did not intend to sell cocaine on October 11, and that it was Angulo's intent to "hold [the agents] up a little bit longer here in town in order to wait for [the cocaine] to arrive."
 
 
 9
 The "ruse" defense offered by Cruz is not a defense at law. The district court was not required to give instructions intended to implement that theory of the defense. Moreover, even if Cruz were entitled to "ruse" instructions, his appeal would fail.
 
 
 10
 Cruz proposed three instructions that he claimed incorporated his "ruse" theory of defense; however, two of the instructions improperly narrowed the range of circumstances in which the jury could return a verdict of guilty. Count 1 of the indictment stated that "on or about September 26, 1990 to and including October 11, 1990 ... [the four defendants] ... did knowingly and intentionally combine, conspire, confederate, and agree together and with each other ... to possess with intent to distribute a quantity of cocaine ... of 5 kilograms or more." The indictment asserted that the conspiracy to possess with intent to distribute the cocaine took place on and prior to October 11--not that the sale was intended to take place during that period. Cruz's jury instructions substantially misstate the indictment's temporal framework by stating that the government must prove that the conspirators intended to sell cocaine on October 11th. Proposed instruction 2 states that if the jury finds the defendants did not intend to sell 110 kilos of cocaine on October 11th, Cruz should be acquitted of Count 1. Proposed instruction 3 similarly states:
 
 
 11
 You have heard evidence that [the conspirators] were not in possession of 110 kilos of cocaine on or about October 10 or 11, 1990 and never intended to sell 110 kilos of cocaine to undercover officers on October 11, 1990 ... If you so find, then you must acquit [Cruz] of conspiring to sell five kilograms of cocaine or more. (emphasis added)
 
 
 12
 The district court refused to give these instructions but allowed the defense to argue the theory that if defendants knew they would not be able to deliver the cocaine on the 11th, they could not have agreed to deliver the cocaine on that date. That defense is incomplete and does not purport to go nearly as far as the argument presented in Cruz's proposed jury instructions: that Cruz must be acquitted if he did not intend to make the sale on a particular date. The two proposed jury instructions do not address the issue of whether the conspiracy involved an agreement to sell the cocaine on some other date, and they improperly preclude the jury from concluding that a conspiracy to sell the drugs at some future time existed.
 
 
 13
 The other instruction requested by Cruz, to the extent that it did not contain the same deficiency as his first two proposed instructions, was essentially given to the jury, albeit in a somewhat different form. Judge Bilby instructed the jury that, in order to find that a conspiracy existed, they "must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy." In addition, he explained that, in order for Cruz to be found guilty of possession of cocaine with intent to distribute, the government must prove beyond a reasonable doubt that he knowingly possessed cocaine "with the intent to deliver it to another person." Those instructions, though more general than Cruz's proposed instruction 9 (and more generous to him in some respects), served the same general purpose.[2] Cruz was not entitled to craft the specific language of his instruction. See United States v. Faust, 850 F.2d 575, 583 (9th Cir.1988). Two of Cruz's proposed instructions did not focus on the alleged agreement as a whole and erroneously looked at the date of the sale as a condition of the conspiracy. The other was adequately conveyed by Judge Bilby's general instructions to the jury. Moreover, had defendant's third instruction been given to the jury rather than the court's, Cruz most likely would not have benefited. Any error regarding failure to give that instruction was harmless. The district court, therefore, did not commit reversible error by refusing the proposed instructions.
 
 
 14
 Second, Cruz argues that the trial court's jury instructions regarding the liability of co-conspirators for each other's criminal acts constituted reversible error.[3] On the second day of deliberations, the jury sent a note to the court. Judge Browning was standing in for Judge Bilby, and he responded to the jury's question about the connection between the conspiracies outlined in Counts 1 and 2 in a manner that conflicted with Judge Bilby's original Pinkerton instruction. When the jury sent additional questions to Judge Browning, he dismissed the jurors until Judge Bilby's return, explaining that "Judge Bilby is going to be in a much better position to answer these questions for you than I am."
 
 
 15
 Upon Judge Bilby's return, he recognized that Judge Browning's answer had created a conflict with his own earlier instructions, and he responded to the jury's remaining questions in a manner consistent with his original instruction. Cruz asserts that the inconsistencies between the two judges' responses constitute reversible error because the jury was confused about the applicable law. In fact, as the district court recognized, Judge Browning's misleading instruction benefitted the defendant, and certainly did not unfairly prejudice the jury against Cruz. In addition, Cruz does not contend that Judge Bilby's instructions were misleading, incorrect, or ambiguous. Cruz cites no authority for his contention that a criminal defendant is entitled to have a jury "free of confusion as to the law it must apply to the facts" when the confusion could only benefit him, and we see no reason to adopt so inflexible a rule. Finally, Cruz did not object below to either Judge Bilby or Judge Browning's instructions, and any error that may have occurred was not "plain error".
 
 
 16
 Cruz's third contention is that the trial court committed reversible error with regard to (1) the admission of certain testimony by Barnett and (2) the jury instruction concerning that testimony. Barnett testified as a defense witness at Cruz's trial to support Cruz's claim that his participation in the 110-kilo deal was designed merely to persuade the purchasers to agree to delay the transaction and not to assist in its completion. In the process, Cruz's attorney asked Barnett about Barnett's previous plea. Barnett testified that he had pled guilty. The prosecutor pursued this line of questioning on cross-examination by asking Barnett about the nature of the charges to which he had pled guilty. Because the defense raised the issue first, and did not object at trial to the prosecutor's questions concerning Barnett's involvement in the conspiracy, we reject Cruz's complaint with respect to the admission of the testimony. See United States v. Williams, 939 F.2d 721, 723 (9th Cir.1991).
 
 
 17
 Cruz further argues that the judge failed adequately to explain that Barnett's plea of guilty to the conspiracy charge did not constitute evidence against Cruz and that Cruz's case must be determined solely on the basis of evidence relating to his guilt or innocence. Cruz suggested the following instruction:
 
 
 18
 The fact that the co-defendant pleads guilty is not evidence of guilt of any other defendant, or that the crime charged in the indictment was committed. The guilt or innocence of the defendant that is still on trial must be determined by the jury solely by the evidence introduced in the trial of this case.
 
 
 19
 A defendant is "not entitled to any particular form of an instruction so long as the instructions given fairly and adequately cover his theories of defense." Faust, 850 F.2d at 583. The trial court has broad discretion in fashioning the precise language of the instruction, and a conviction will only be overturned if the instruction's imperfections constitute an abuse of discretion. See id.; United States v. Hayes, 794 F.2d 1348, 1351 (9th Cir.1986), cert. denied, 479 U.S. 1086 (1987). Judge Bilby charged the jury as follows:
 
 
 20
 The witness, Oscar Barnett-Inclan, has pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness' believability. You should consider this witness' testimony with great caution, giving it the weight you feel it deserves.
 
 
 21
 The trial court's instructions to the jury adequately cautioned the jury about Barnett's credibility as a witness. As we concluded in United States v. Sai Keung Wong, 886 F.2d 252 (9th Cir.1989), "[t]he failure to give a perjury instruction is not reversible where the other instructions given by the trial court adequately cautioned the jury that the credibility [of the perjurer] is open to question." Id. at 257. The instruction also explained sufficiently that Barnett's guilty plea did not constitute evidence again Cruz. There was no error in the challenged jury instruction.
 
 
 22
 Finally, Cruz appeals his sentence. First, he contends that the court incorrectly calculated his base offense level by relying on the two kilo sales and the negotiated deal for 110 kilograms. "If a defendant is convicted of a conspiracy ... involving a controlled substance, the offense level shall be the same as if the object of the conspiracy ... had been completed." U.S.S.G. § 2D1.4(a) (Nov. 1, 1990). The accompanying commentary states:
 
 
 23
 [W]here the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.
 
 
 24
 Comment n. 1. Whether a defendant is reasonably capable of producing the negotiated amount is a factual conclusion and is reviewed for clear error. United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992). Although Cruz claims that he was never in a position to deliver 110 kilograms of cocaine to undercover agents, the jury found him guilty of the conspiracy charge. The trial court was entitled to reject the defendant's argument regarding his limited participation in the cocaine sales, his suggestion that the larger transaction was a hoax, and his contention that he could never have produced the drugs. Because there was ample evidence that Cruz did, in fact, conspire with others to sell 110 kilograms, the trial court did not err in calculating his base offense level at 36.
 
 
 25
 Cruz also argues that his four prior convictions for driving under the influence of alcohol--three of which occurred almost ten years ago--overrepresent his criminal history. Cruz does not argue that the trial court's determination of his criminal history is incorrect per se; he contends instead that the court should have exercised its discretionary authority to depart downward because his prior convictions do not actually reflect "the seriousness of [his] past criminal conduct or the likelihood that [he] will commit other crimes." U.S.S.G. § 4A1.3 at 4.9. The commentary for this section provides that a downward departure may be warranted when a defendant has "two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." Id. at 4.10.
 
 
 26
 Under our decision in United States v. Williams, 898 F.2d 1400 (9th Cir.1990), if the district court exercises its discretion in deciding that a downward departure is not warranted, we have no jurisdiction to review its decision. Id. at 1403. The record indicates that the sentencing judge considered the implications of Cruz's criminal history category. He stated:
 
 
 27
 I think under these facts his criminal history ... substantially overstates it. [It] would be one thing if he had a criminal history consisting of some felonies or some drug-related offenses, but he's just got a drinking problem ... I don't think that really would move him to a criminal history category three ... And in mitigation, I think it's also unfair to overstate the criminal history category.
 
 
 28
 Judge Bilby acknowledged that "the question is whether or not the sentence should be enhanced in essence because--it could be enhanced almost six to eight years, depending on what category you look at." Despite his concern, however, Judge Bilby decided not to depart from the guidelines in determining Cruz's criminal history category or his sentence. He stated, "There will be no departures. The sentence imposed--I'm going to sentence him at the level of his coconspirators because I feel that's the only fair thing to do under the circumstances, as severe as that may be." Although Judge Bilby was apparently somewhat disturbed by the severity of the sentence that resulted from placing Cruz in criminal history category three, he was aware that he could exercise his discretion to depart downward and made a considered decision not to. For this reason, we do not have jurisdiction to review this aspect of Cruz's sentence.
 
 
 29
 Accordingly, we uphold Cruz's conviction and sentence.
 
 
 30
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In response to our order for supplemental briefing on the waiver issue, Angulo's appellate counsel (the same attorney who represented Angulo at trial) stated only that "[a]fter careful consideration, it appears that have fallen to the level of ineffective assistance of counsel. As such, it would be improper for appellate counsel to make any further argument [on the waiver issue]." Appellant's Reply Brief at 2-3. However, counsel points to no facts supporting his conclusion and our own review of the record reveals none that on their face would do so
 
 
 [2]
 Cruz's proposed instruction reads, "[t]he government must prove beyond a reasonable doubt that Mr. Cruz specifically intended to sell more than five (5) kilograms of cocaine to the officers on or about October 11, 1990." While the court's instruction failed to mention the five (5) kilogram threshhold specifically, Cruz's objection is not based on that omission. Moreover, the instructions read as a whole were sufficient to inform a jury in that regard
 
 
 [3]
 Although Cruz objected to the original Pinkerton instruction, he did so only on the ground that count one alleged a conspiracy to distribute more than five kilograms of cocaine and count two involved the possession of less than five kilograms