Carmen L. Fischer, Phoenix, Ariz., for defendant-appellant.

W. Allen Stooks, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Denard Darnell NEAL, Defendant– Appellant.**

**No. 91–10078.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 1992.

Decided Oct. 5, 1992.

Before: GOODWIN, FLETCHER, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

The issue in this case is whether multiple convictions under 18 U.S.C. § 924(c) arising from the same indictment require the statute's enhanced penalties for repeat offenders. We find that the statute by its plain language requires the enhanced penalties.

I

A grand jury indicted Denard Darnell Neal on three counts of bank robbery and three counts of using a firearm in a crime

of violence in violation of 18 U.S.C. § 924(c). The indictment charged that Neal robbed a bank in Phoenix, Arizona, on November 10, 1989, a second bank in Tucson, Arizona, on November 29, 1989, and a third bank in Yuma, Arizona, on December 7, 1989. The indictment charged that Neal used a firearm in connection with all three robberies.

A jury found Neal guilty on all counts. The district judge sentenced Neal to 125 months on each of the three bank robbery counts with those sentences to be served concurrently. On the firearms counts, the judge sentenced Neal to five years on the first count, twenty years on the second count, and twenty years on the third count, with those sentences to be served consecutively to each other and to the bank robbery sentence.

Neal's total sentence is 55 years and five months, with 45 years of that sentence arising from the mandatory sentencing provisions of 18 U.S.C. § 924(c).

## II

Neal argues that the district judge erred by concluding that section 924(c) requires enhanced penalties for multiple convictions arising from the same indictment. Neal argues in essence that the proper sentence for three violations of section 924(c) arising from the same indictment is five years on each of the three firearms counts instead of five years on the first count and twenty years each on the second and third counts.

■ We review statutory interpretation de novo. *See United States v. Ibarra–Alcarez*, 830 F.2d 968, 971 (9th Cir.1987). Section 924(c)(1) provides in pertinent part:

Whoever, during and in relation to any crime of violence ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years.... Notwithstanding any other provision of law, the court shall not place on probation or

suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried.

18 U.S.C. § 924(c)(1).

When interpreting a statute, we first look to the plain meaning of the statute's language. *See United States v. Van Winrow*, 951 F.2d 1069, 1072 (9th Cir.1991) (per curiam). "When the plain language of the statute appears to settle the question, we look to the legislative history to determine only whether there is a clearly expressed legislative intention contrary to that language." *S & M Inv. Co. v. Tahoe Regional Planning Agency*, 911 F.2d 324, 327 (9th Cir.1990) (citations omitted), *cert. denied*, —— U.S. ——, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991).

■ We find that the meaning of "second or subsequent conviction" is plain in the context of this statute. There is nothing in the simple wording of this statute that requires that an offense underlying a second conviction occur after the conviction for the first offense. The only requirement is that a *conviction* be second or subsequent, not that any offense underlying that conviction follow a first conviction.

We also are not persuaded by Neal's argument that the convictions at least must be the product of separate indictments. We agree with the Fourth Circuit's analysis:

[T]o require separate indictments would have no purpose other than to require the government to perform the meaningless ministerial function of typing and presenting two indictments, instead of one, to the grand jury. As the court in *Rawlings* observed, "We do not think Congress intended the enhanced penalty for a repeat offender of § 924(c) to hinge on the machinations of the prosecutor."

*United States v. Raynor*, 939 F.2d 191, 193 (4th Cir.1991) (quoting *United States v. Rawlings*, 821 F.2d 1543, 1546 (11th Cir.), *cert. denied*, 484 U.S. 979, 108 S.Ct. 494, 98

L.Ed.2d 492 (1987)). The Second, Sixth, Seventh, and Eighth Circuits agree the enhanced penalties of section 924(c) apply for repeat offenses contained in a single indictment. *See United States v. Bernier*, 954 F.2d 818, 819–21 (2d Cir.1992) (per curiam), *petition for cert. filed* (June 29, 1992) (No. 92–5025); *United States v. Bennett*, 908 F.2d 189, 194 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 534, 112 L.Ed.2d 544 (1990); *United States v. Nabors*, 901 F.2d 1351, 1358 (6th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990); *United States v. Foote*, 898 F.2d 659, 668 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 112, 112 L.Ed.2d 81 (1990).

Only the Tenth Circuit has reached a contrary conclusion. *See United States v. Abreu*, 962 F.2d 1447 (10th Cir.1992) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 220, 121 L.Ed.2d 158. We simply do not agree with that court that the language of the statute is ambiguous. While as a matter of policy it might be desirable to impose enhanced penalties for repeat offenses only after the offender has already been punished for a first offense, a plausible policy argument may also be made that it makes sense to treat repeat offenders more severely regardless of whether their offense was committed after punishment for a first offense. In any event, Congress decided not to enact any condition restricting the application of the repeat offender provisions. "To include by implication any of these conditions would result in our rewriting the statute, a task not committed to the judiciary." *Raynor*, 939 F.2d at 194.

We have not found any conclusive legislative history to contradict the plain meaning of the statute and Neal has directed us to none. We address the remaining issues on appeal in a memorandum filed simultaneously with this opinion.

AFFIRMED.

FLETCHER, Circuit Judge, dissenting:

I respectfully dissent. 18 U.S.C. § 924(c), a statute making it an independent offense to commit a crime of violence using a firearm, is Congress' attempt to discourage use of firearms. Upon a first conviction, an offender receives a mandatory five year term. Upon a "second or subsequent conviction," the defendant receives a mandatory twenty-year sentence. Because a criminal with a firearm poses the same threat to the public on first and subsequent offenses, the differential sentences must have been designed to create a differential effect on the offender. The initial five-year sentence is intended to punish and reform the first-time offender, while the subsequent twenty-year sentence punishes more severely those who failed to learn their lessons from the initial punishment. Where the primary purposes of subsequent offender legislation are reformation and retribution, "such ends would be served best by applying the statutes only to those offenders who have been convicted prior to the commission of the subsequent offense." *Gonzales v. United States*, 224 F.2d 431, 434 (1st Cir.1955).

A common-sense reading of § 924(c) is consonant with that intent. Congress created an "incentive plan" for felons to abandon their firearms even though they may return to crime. The first conviction for use of a firearm requires a hefty five year sentence. If that does not teach a lesson, the next offense with a gun draws a twenty-year sentence. The majority's interpretation drains the statute of its intended impact on the offender. Defendants like Neal, who the majority believes may *simultaneously* receive first and subsequent convictions, never have the opportunity to learn from their initial mistakes. In the process, the differential punishments provided in § 924(c) lose their intended effect. The incentive Congress constructed to deter violence from the use of firearms is destroyed.

While resort to legislative history is not necessary where, as here, the structure and purpose of the statute are evident on its face, I note that the floor debates on § 924(c) are fully consistent with the incentive scheme described above. For example, Representative Poff, a cosponsor of the bill, said that the penalty provisions were designed

to persuade the man who is tempted to commit a Federal felony to leave his gun at home. Any such person should understand that if he uses his gun and is caught and convicted, he is going to jail. He should further understand that if he does so a second time, he is going to jail for a longer time.

114 Cong.Rec. 22,231 (1968) *quoted in United States v. Abreu*, 962 F.2d 1447, 1450 (10th Cir.1992) (en banc). This and similar comments from the bill's sponsors support my reading that an initial five year sentence should have a chance to teach and punish before longer sentences for subsequent convictions are imposed. The language of the statute is exactly consistent with such a scheme. Neal should have the opportunity for a five year correction course before receiving twenty years.

The majority disagrees. It believes that the plain meaning of § 924(c) requires the draconian result reached in this case. The fact that the majority and I, all of us possessed of reasonable minds, find directly opposite "plain meanings" in this statute, suggests at a minimum that the phrase "second or subsequent conviction" is ambiguous as applied to simultaneous convictions of separate counts in an indictment. The Tenth Circuit, sitting *en banc*, found it so:

> In short, "second or subsequent" can be read to describe either multiple events occurring at one time or multiple events occurring in a chronological sequence. "Conviction" can refer either to the return of a jury verdict of guilt or to the court's entry of judgment on that verdict. Accordingly, the text of the statute does not compel the construction that a second or subsequent conviction occurs when a defendant is charged in one indictment with more than one section 924(c) offense and a single judgment of conviction is entered on that indictment. Given the impossibility of discerning a plain meaning of "second or subsequent conviction" from the language of the statutory phrase, we conclude that the phrase is ambiguous.

*Abreu*, 962 F.2d at 1450. The rule of lenity commands that we interpret ambiguous criminal statutes in favor of the defendant. *United States v. R.L.C.*, — U.S. —, — & n. 6, —, 112 S.Ct. 1329, 1338 & n. 6, 1340, 117 L.Ed.2d 559 (1992); *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 522–23, 30 L.Ed.2d 488 (1971). Whether one agrees with my common-sense reading of the statute or finds it ambiguous, the result for Neal should be the same: twenty year sentences cannot be imposed upon him.