985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark William AMES, Defendant-Appellant.
 No. 92-10351.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Ames appeals from his sentence, imposed following his guilty pleas, for three counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and three counts of using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Ames contends that the district court erred by finding that it was required to impose a consecutive sentence for each violation of section 924(c)(1). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]
 
 
 3
 We review de novo the district court's interpretation of a statute. United States v. Neal, 976 F.2d 601, 602 (9th Cir.1992).
 
 
 4
 18 U.S.C. § 924(c)(1) provides in relevant part:
 
 
 5
 Whoever, during and in relation to any crime of violence ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried.
 
 
 6
 We have previously held that this statute is not ambiguous and plainly requires that sentences for multiple convictions under section 924(c)(1) must run consecutively to each other as well as to "any other term of imprisonment." Neal, 976 F.2d at 602-03.
 
 
 7
 Ames pleaded guilty to three violations of section 924(c)(1) arising out of three bank robberies. At sentencing, he argued that as long as the term imposed for the first violation of section 924(c)(1) ran consecutive to the sentences for the underlying bank robberies, the district court had discretion to impose concurrent terms for the second and third violations. The district court rejected this argument and ruled that the sentence for each violation of section 924(c)(1) must run consecutive to any other sentence. We agree, and affirm. See Neal, 976 F.2d at 602-03.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ames has filed a motion for pro hac vice appointment of attorney Daniel J. Albregts, who ended his association with the Federal Public Defender on December 31, 1992, as his counsel of record. The motion is granted nunc pro tunc to that date