985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerardo SUBIETO-BUAN, Defendant-Appellant.
 No. 92-50331.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerardo Subieto-Buan appeals his convictions following jury trial for three counts of being a prior felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a), and eight counts of making a false statement in acquiring firearms, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a). Subieto-Buan contends that the district court erred by denying his motion for judgment of acquittal because, pursuant to 18 U.S.C. § 925(a)(1), his status as a member of the United States Navy should have exempted him from the requirements of the statutes under which he was convicted. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's interpretation of a statute. United States v. Neal, 976 F.2d 601, 602 (9th Cir.1992).
 
 
 4
 It is unlawful for a prior felon to "possess in or affecting commerce, any firearm or ammunition ... which has been shipped or transported in interstate of foreign commerce." 18 U.S.C. § 922(g)(1); see also United States v. Barron-Rivera, 922 F.2d 549, 552 (9th Cir.1991) (possession may be actual or constructive). It is also unlawful for any person to knowingly make a false statement, intended or likely to deceive, in connection with the acquisition of any firearm or ammunition. 18 U.S.C. § 922(a)(6); United States v. Brebner, 951 F.2d 1017, 1027 (9th Cir.1991).
 
 
 5
 18 U.S.C. § 925(a)(1) provides for the following exceptions to the federal prohibitions against the sale and possession of firearms:
 
 
 6
 The provisions of this chapter ... shall not apply with respect to the transportation, shipment, receipt, possession, or importation of any firearm or ammunition imported for, sold or shipped to, or issued for the use of, the United States or any department or agency thereof....
 
 
 7
 The exceptions in section 925(a)(1) have not been interpreted broadly. See e.g., Perri v. Department of Treasury, 637 F.2d 1332, 1337 (9th Cir.1981) (section 925(a)(1) does not apply to sale of firearms to agent of the United States acting undercover); Hyland v. Fukuda, 580 F.2d 977, 979 (9th Cir.1978) (section 925(a)(1) does not apply to firearms owned by an individual for his personal use). As applied to the prohibition against a prior felon's possession of a firearm in violation of section 922(g)(1), section 925(a)(1) only excludes "firearms owned by the state and used exclusively for its purposes." Hyland, 580 F.2d at 979.
 
 
 8
 Here, Subieto-Buan concedes that his conduct fell within the restrictions of sections 922(g)(1) and 922(a)(6).[1] He further concedes that his possession and purchase of the firearms was for his personal use and his case does not fall within the plain meaning of the exceptions in section 925(a)(1). He was not prosecuted for any weapon that was issued to him or that he possessed in the course of his duties as a chief petty officer for the United States Navy.[2] However, he contends that the statutory language of section 925(a)(1) should be extended to include the personal use of firearms by members of the United States Navy.
 
 
 9
 The language in section 925(a)(1) is clear in its intent to exempt only firearms possessed for the use of the United States or its departments or agencies. In fact, Congress, rather than making general exceptions, provided Subieto-Buan with a specific procedure for obtaining relief from the prohibition against his possession of firearms. Pursuant to section 925(c), Subieto-Buan could have petitioned the Secretary of the Treasury for permission to possess firearms for his personal use. See 18 U.S.C. § 925(c). Further, our decision in Hyland emphasized that firearms possessed in accordance with section 925(a)(1) must be used exclusively for the purpose of the United States or its departments or agencies. See Hyland, 580 F.2d at 979.
 
 
 10
 No statute or case law suggests that Section 925(a)(1) could provide an exception to the prohibition in section 922(a)(6) against the use of false statements in the acquisition of a firearm. Nonetheless, even if section 925(a)(1) were extended to permit the making of false statements in the acquisition of firearms on behalf of the United States, Subieto-Buan did not make his false statements for "receipt ... of any firearm ... issued for the use of, the United States." 18 U.S.C. § 925(a)(1).
 
 
 11
 Because Subieto-Buan's acquisition of the firearms was not for use of the United States Navy, the district court did not err by denying his motion for judgment of acquittal and finding that the section 925(a)(1) exceptions did not exempt him from operation of the statutes under which he was convicted. See 18 U.S.C. § 925(a)(1); Hyland, 580 F.2d at 979.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On July 13, 1981, Subieto-Buan was convicted of transporting illegal aliens in violation of 8 U.S.C. 1324(a)(2), a felony offense. After this conviction, he possessed three weapons, a .45 caliber semi-automatic pistol, a .38 caliber semi-automatic pistol, and a P220 semi-automatic pistol, which were found in his home. In addition, from December 17, 1988, through August 18, 1990, Subieto-Buan purchased a total of eight guns from a sporting goods store in National City, California, and registered them by falsely stating in each Department of Treasury Form 4473 that he had never been convicted of a felony offense
 
 
 [2]
 At the time of arrest for the instant offenses, Subieto-Buan was serving in the United States Navy aboard the U.S.S. New Orleans as a Supply Accounting Analyst/Purchasing Agent, his third enlistment since entering military service in June of 1971