999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Larry ABBOTT, Defendant-Appellant.
 No. 92-30502.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 6, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Larry Abbott appeals from the eighteen month sentence imposed upon revocation of his supervised release. Abbott was originally sentenced to forty-six months of incarceration followed by three years of supervised release after pleading guilty to armed bank robbery, a Class B felony, in violation of 18 U.S.C. § 2113(a), (d). Abbott contends that the district court erred by imposing a sentence outside the applicable sentencing range prescribed by the United States Sentencing Guidelines for violations of supervised release conditions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation of both statutes and the Guidelines. United States v. Fulton, 987 F.2d 631, 632 (9th Cir.1993) (Guidelines); United States v. Neal, 976 F.2d 601, 602 (9th Cir.1992) (statutes).
 
 
 4
 Upon revocation of supervised release, a defendant may not be required to serve more than 3 years imprisonment if the original offense was a Class B felony. 18 U.S.C. § 3583(e)(3). A Grade C violation of supervised release allows a district court to revoke the term of supervised release. U.S.S.G. § 7B1.3(a)(2). The applicable sentencing range for resentencing after revocation of supervised release is based upon the defendant's grade of violation and his criminal history category at the time of the original offense. U.S.S.G. § 7B1.4(a), p.s. Nonetheless, the policy statements in Chapter 7 are advisory and not binding upon the district court. 18 U.S.C. § 3553(a)(5). The district court is merely required to consider the policy statements in imposing a sentence. Id.; United States v. Corpuz, 953 F.2d 526, 530 (9th Cir.1992) (dictum).
 
 
 5
 Here, it is undisputed that Abbott's conduct constituted a Grade C violation of his supervised release. Combined with criminal history category I, the applicable sentencing range was three to nine months. See U.S.S.G. § 7B1.4(a), p.s. The district court, however, imposed an eighteen month sentence and stated:
 
 
 6
 The Court's remarks must be viewed against the law of this Circuit that the policy statements in Chapter 7 of the Guidelines are advisory and not mandatory, but appropriately to be considered by the court....
 
 
 7
 ....
 
 
 8
 [Y]ou absconded the district and engaged in a drinking bout which fortunately, in the view of this Court, didn't result in another one of these episodes with a gun, with somebody being assaulted, or somebody being held up--something of that kind.
 
 
 9
 ....
 
 
 10
 Now, this Court does not feel that somebody who has been convicted of a crime as serious as you have, having been placed on work release, and having violated it in the fashion you have, that this Court should be required to take the risk of your recidivism, because if it occurs, somebody is going to get hurt. It would be a mockery to give you a sentence of six to nine months, because under the law of this Circuit, you would be relieved of any further supervision. It would furnish the easiest way out of any continued accountability to the law or to this Court.
 
 
 11
 (ER at 21-25).[1]
 
 
 12
 The district court, aware of its statutory obligation to consider the Chapter 7 policy statements, considered the Guidelines range recommended by the policy statements, but rejected them as inadequate in the instant circumstance based upon its evaluation of the other relevant factors described by statute. Nothing more is required. See 18 U.S.C. § 3553(a)(5); see also United States v. Cohen, 965 F.2d 58, 61 (6th Cir.1992) (district court properly resentenced defendant upon revocation of supervised release where it considered, but rejected, policy statements in Chapter 7 and imposed a sentence within the statutory maximum); United States v. Headrick, 963 F.2d 777, 782 (5th Cir.1992) (same). Because the 18-month sentence fell below the statutory maximum of 3 years, see 18 U.S.C. § 3583(e)(3), the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court apparently misspoke when it stated a sentencing range of "six to nine," rather than "three to nine."