999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Edward MILLER, Defendant-Appellant.
 No. 91-30278.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 6, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Edward Miller appeals his convictions and sentence following a jury trial for four counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and four associated counts of use of a weapon during a crime of violence, in violation of 18 U.S.C. § 924(c)(1).
 
 
 3
 Counsel for Miller submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified three possible issues for review: (1) whether the evidence was insufficient to sustain his convictions; (2) whether imposing a consecutive sentence for the weapons count convictions violated double jeopardy because the resulting sentence exceeded the statutory maximum for the underlying offense; and (3) whether sentences imposed for multiple convictions in a single indictment under section 924(c) should be concurrent, not consecutive, to one another. Counsel also filed a motion to withdraw as counsel of record.
 
 
 4
 Viewing the evidence in the light most favorable to the prosecution, a rational jury could have found Miller guilty of all essential elements of 18 U.S.C. §§ 2113(a) and (d) and 924(c). See United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986).
 
 
 5
 We have previously upheld the constitutionality of section 924(c) when addressing a challenge based on double jeopardy grounds to its consecutive sentencing requirement. See United States v. Gonzales, 800 F.2d 895, 898 (9th Cir.1986) (rejecting double jeopardy challenge to section 924(c) where defendant received consecutive sentences for violations of section 2113(a) and (d) and section 924(c)). Furthermore, this court has also upheld consecutive sentencing for each count of conviction under section 924(c), even where all counts are charged in the same indictment. See United States v. Neal, 976 F.2d 601, 602 (9th Cir.1992).
 
 
 6
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review.
 
 
 7
 The motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3