1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lisa Marie KUFFEL, Defendant-Appellant.
 No. 92-50001.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided July 30, 1993.
 
 MEMORANDUM**
 Before FLETCHER, POOLE and THOMPSON, Circuit Judges.
 
 
 1
 Kuffel appeals her sentence, contending that an enhancement under 18 U.S.C. Sec. 924(c) is inappropriate because the statutory phrase "second or subsequent conviction" is vague and ambiguous.[1] We affirm.
 
 
 2
 A jury convicted Kuffel of four counts of bank robbery (in violation of 18 U.S.C. Sec. 2113(a), (d)) and three counts of carrying a firearm during the commission of a crime of violence (in violation of 18 U.S.C. Sec. 924(c)). The district court subsequently sentenced her to a total of 53 years, 4 months incarceration--100 months for the bank robberies, and 540 months for the Sec. 924(c) offenses.
 
 
 3
 Kuffel's argument regarding Sec. 924(c) has been explicitly rejected by this court and implicitly overruled by the Supreme Court. In United States v. Neal, 976 F.2d 601 (9th Cir.1992), we held that
 
 
 4
 the meaning of "second or subsequent conviction" is plain in the context of this statute. There is nothing in the simple wording of this statute that requires that an offense underlying a second conviction occur after the conviction for the first offense. The only requirement is that a conviction be second or subsequent, not that any offense underlying that conviction follow a first conviction.
 
 
 5
 ... [T]he enhanced penalties of section 924(c) apply for repeat offenses contained in a single indictment.
 
 
 6
 Id. at 602-03.
 
 
 7
 The Supreme Court in Deal v. United States, 113 S.Ct. 1993 (1993), implicitly agreed with the majority in Neal and determined that the petitioner's "second through sixth convictions under Sec. 924(c)(1) in [a] single proceeding" did amount to a "second or subsequent conviction" for purposes of enhancement under Sec. 924(c). Id. at 1996, 1999. The Neal and Deal decisions are dispositive as to Kuffel's Sec. 924 argument.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In pertinent part, Sec. 924(c) provides that
 Whoever, during and in relation to any crime of violence ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years, and if the firearm is ... a short-barrelled shotgun to imprisonment for ten years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried.
 Id. Sec. 924(c)(1).
 
 
 [2]
 The rule of lenity is not applicable where a statutory provision is unambiguous, as here