1 F.3d 1248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime Enrique WHEELOCK, Defendant-Appellant.
 No. 92-50464.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided July 30, 1993.
 
 Before FLETCHER, POOLE and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wheelock appeals his conviction and sentence. A jury convicted him of eight counts of armed bank robbery (in violation of 18 U.S.C. Sec. 2113(a), (d)) and eight counts of using or carrying a firearm during a crime of violence (in violation of 18 U.S.C. Sec. 924(c)). He contends that an enhanced sentence under 18 U.S.C. Sec. 924(c) is inappropriate where all the counts used to enhance his sentence were charged in the same indictment.[1] He also argues that civil unrest in Los Angeles following state court verdicts in the Rodney King beating trial denied him a fair trial. We affirm.
 
 
 3
 Wheelock's argument that we should adopt the Tenth Circuit's analysis on the Sec. 924(c) issue in United States v. Abreu, 962 F.2d 1447, 1450 (10th Cir.1992) (en banc), cert. denied, 113 S.Ct. 220 (1992), cert. granted, judgment vacated, remanded, 113 S.Ct. 2405-06 (1993),[2] has been explicitly rejected by this court and implicitly overruled by the Supreme Court. In United States v. Neal, 976 F.2d 601 (9th Cir.1992), we held that
 
 
 4
 the meaning of "second or subsequent conviction" is plain in the context of this statute. There is nothing in the simple wording of this statute that requires that an offense underlying a second conviction occur after the conviction for the first offense. The only requirement is that a conviction be second or subsequent, not that any offense underlying that conviction follow a first conviction.
 
 
 5
 ... [T]he enhanced penalties of section 924(c) apply for repeat offenses contained in a single indictment.
 
 
 6
 Id. at 602-03. We expressly declined to follow Abreu. Id. at 603.
 
 
 7
 The Supreme Court in Deal v. United States, 113 S.Ct. 1993 (1993), implicitly agreed with the majority in Neal and determined that the petitioner's "second through sixth convictions under Sec. 924(c)(1) in [a] single proceeding" did amount to a "second or subsequent conviction" for purposes of enhancement under Sec. 924(c). Id. at 1996, 1999. The Neal and Deal decisions are dispositive as to Wheelock's Sec. 924 argument.[3]
 
 
 8
 Wheelock's trial commenced shortly before the King rioting broke out, and the court suspended proceedings on at least two days in the middle of the trial for various riot-connected reasons (e.g., jurors unable to get to the courtroom). In all, there was a five-day gap, including a weekend, between the fourth and fifth days of trial. The district court denied Wheelock's motion for a mistrial, a decision that we review for abuse of discretion. United States v. Homick, 964 F.2d 899, 906 (9th Cir.1992).
 
 
 9
 When trial resumed, the court instructed the jury that its verdict, if any, "will be based upon the facts presented in this courtroom," and that "nothing outside of this courtroom should be in any way used to [a]ffect your verdict in this case. If it becomes a problem to any one of you that there was such a long break, certainly write me a note and I'll take it up with you individually." GER 204-05. Those appropriate instructions, coupled with Wheelock's failure to show prejudice, compels a finding that the district court did not abuse its discretion in denying the motion for mistrial.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In pertinent part, Sec. 924(c) provides that
 Whoever, during and in relation to any crime of violence ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years, and if the firearm is ... a short-barrelled shotgun to imprisonment for ten years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried.
 Id. Sec. 924(c)(1).
 
 
 [2]
 Certiorari was granted in Abreu on May 24, 1993, after the parties had filed their briefs in this case
 
 
 [3]
 Wheelock also argues that his 155-year, 3-month sentence violates the Eighth Amendment, an argument that we reject. The sentence is within statutory limits; Wheelock received 63 months on his eight bank robbery convictions, 10 years on the first Sec. 924(c) conviction (for use of a sawed-off, or "short-barrelled," shotgun), consecutive to the 63 months, and 20 years, consecutive, on each of the seven other Sec. 924(c) convictions. Neal upholds a 55-year, 5-month sentence similarly levied. Neal, 976 F.2d at 602, 603. Deal upholds a 105-year sentence. Deal, 113 S.Ct. at 1995-96, 1999. The government aptly notes that the severity of Wheelock's sentence stems from his decision to commit eight violent armed robberies; "[i]f [defendant] has subjected himself to a severe penalty, it is simply because he has committed a great many such offenses." O'Neil v. Vermont, 144 U.S. 323, 331 (1892) (internal quotation marks omitted)