8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald RUSSO, Defendant-Appellant.
 Nos. 92-50680, 92-50683.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, Donald Russo appeals the sentences imposed following revocation of his supervised release in criminal docket numbers CR-89-0038-R (conviction for bank robbery in violation of 18 U.S.C. § 2113(a)) and CR-90-0744-R (conviction for possession of a narcotic drug by a prison inmate in violation of 18 U.S.C. § 1791(a)(2)). Russo contends that because these offenses were Class C felonies, the district court erred by imposing concurrent prison terms in excess of 24 months following revocation of the terms of supervised release. The government concedes that this is error. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.
 
 
 3
 We review de novo the district court's interpretation of both statutes and the United States Sentencing Guidelines. United States v. Fulton, 987 F.2d 631, 632 (9th Cir.1993) (Guidelines); United States v. Neal, 976 F.2d 601, 602 (9th Cir.1992) (statutes).
 
 
 4
 Upon revocation of supervised release, a defendant may not be required to serve more than two years of imprisonment if the original offense was a Class C felony. 18 U.S.C. § 3583(e)(3).
 
 
 5
 Here, it is undisputed that Russo's prior convictions were Class C felonies. Therefore, the district court erred by imposing a 36-month term of incarceration following the revocation of supervised release in CR-89-0038-R and a concurrent 48-month term of incarceration following revocation of supervised release in CR-90-0744-R. See 18 U.S.C. § 3583(e)(3).[1]
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our holding renders moot Russo's contention that the district court erred by failing to give specific reasons for the imposition of the sentences. We note, however, that our previous decisions in this area require the district court to provide at least general reasons for imposing a particular sentence following revocation of supervised release. See United States v. Lockard, 910 F.2d 542, 546 (9th Cir.1990) ("18 U.S.C. § 3553(c) requires the district court to state, in open court, its general reasons for its imposition of ... sentence."); but see United States v. Miller, 948 F.2d 628, 630-31 (9th Cir.1991) ("The court must provide specific reasons for imposing a particular sentence after revocation of supervised release."). We further decline to address the government's speculative arguments regarding the methods by which the district court on remand could fashion a sentence of the same length as the one vacated here