FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30268 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00119-JKS-1 |
| v. | |
| JUAN MANUEL MENDIOLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted May 22, 2013
Anchorage, Alaska

Before: TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

Juan Mendiola was convicted of drug trafficking conspiracy, drug

possession, and related firearms offenses, including possession of machine guns in

furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). He appeals his

convictions on two firearm possession counts, and the two resulting mandatory

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

minimum sentences he received. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The existence of a prior conviction is a sentencing factor, rather than an element of the crime, and need not be charged in the indictment or found by the jury—even if it increases the sentence that otherwise would be available for the charged offense. *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 241 (1998). Thus, the district court did not err when it sentenced Mendiola to 25 years for his second conviction under 18 U.S.C. § 924(c) even though the fact of the prior conviction was not charged in the indictment or found by the jury. Nor did the district court err by imposing the enhanced penalty for a second or subsequent § 924(c) conviction where both convictions were obtained in the same prosecution. *See Deal v. United States*, 508 U.S. 129, 135 (1993); *United States v. Neal*, 976 F.2d 601, 602 (9th Cir. 1992).

Substantial mandatory minimum sentences for violations of § 924(c) where the convictions are based on a *Pinkerton v. United States*, 328 U.S. 640 (1946), theory of vicarious liability do not amount to cruel and unusual punishment in violation of the Eighth Amendment. *See United States v. Hungerford*, 465 F.3d 1113, 1118 (9th 2006). Mendiola's 30-year sentence for possessing a machine gun in furtherance of drug trafficking is therefore not cruel and unusual, even if the

conviction was based entirely on a *Pinkerton* theory of liability. Furthermore, sufficient direct evidence was presented at trial to support Mendiola's conviction for possession of a machine gun.

**AFFIRMED.**

*United States v. Mendiola*, No. 10-30268

TASHIMA, Circuit Judge, concurring in the judgment:

Defendant Juan Mendiola was convicted of a drug trafficking conspiracy and related firearms offenses. For these crimes, primarily because of the way in which federal firearms sentences are structured and the statutory minimum sentences they impose, defendant was sentenced to a 65-year term of imprisonment. At sentencing, the experienced District Judge noted that if he "had greater discretion, [he] would impose a sentence far less than 65 years." In his considered opinion, "a sentence of 65 years [was not] necessary to address the sentencing goals of [18 U.S.C. §] 3553." I agree. A sentence of 65 years' imprisonment, for these crimes, on this record, is way beyond the pale of an acceptable fair, just, and reasonable sentence in a civilized, humane society. *See United States v. Hungerford*, 465 F.3d 1113, 1118-22 (9th Cir. 2006 (Reinhardt, J., concurring in the judgment). Further, were this sentence subject to review for substantive reasonableness, absent the consecutive and increasingly harsh statutory minima, I doubt that it would survive unscathed. *See United States v. Ressam*, 679 F.3d 1069, 1086-88 (9th Cir. 2012) (en banc).

Nonetheless, I am compelled to concur in the judgment because the sentence and the majority's affirmance of that sentence are solidly grounded in the statutory mandate to impose consecutive minimum sentences, as interpreted by the Supreme

Court and this Circuit.  I thus concur in the judgment.