MEMORANDUM *
Juan Mendiola was convicted of drug trafficking conspiracy, drug possession, and related firearms offenses, including possession of machine guns in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). He appeals his convictions on two firearm possession counts, and the two resulting mandatory minimum sentences he received. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.
The existence of a prior conviction is a sentencing factor, rather than an element of the crime, and need not be charged in the indictment or found by the jury — even if it increases the sentence that otherwise would be available for the charged offense. Almendarez-Torres v. United States, 523 U.S. 224, 235, 241, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Thus, the district court did not err when it sentenced Mendiola to 25 years for his second conviction under 18 U.S.C. § 924(c) even though the fact of the prior conviction was not charged in the indictment or found by the jury. Nor did the district court err by imposing the enhanced penalty for a second or subsequent § 924(c) conviction where both convictions were obtained in the same prosecution. See Deal v. United *648 States, 508 U.S. 129, 185, 118 S.Ct. 1993, 124 L.Ed.2d 44 (1993); United States v. Neal, 976 F.2d 601, 602 (9th Cir.1992).
Substantial mandatory minimum sentences for violations of § 924(c) where the convictions are based on a Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), theory of vicarious liability do not amount to cruel and unusual punishment in violation of the Eighth Amendment. See United States v. Hungerford, 465 F.3d 1113, 1118 (9th Cir.2006). Mendiola’s 30-year sentence for possessing a machine gun in furtherance of drug trafficking is therefore not cruel and unusual, even if the conviction was based entirely on a Pinkerton theory of liability. Furthermore, sufficient direct evidence was presented at trial to support Mendiola’s conviction for possession of a machine gun.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.